IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
:
DUNKIN' DONUTS INC. ET AL.          :     3:02 CV 1920 (MRK)
:
v.                                  :
:
4 DONUTS, INC. ET AL.               :     DATE: OCT. 24, 2003
------------------------------------------------------------x

## RULING ON MOTION FOR CLARIFICATION FILED BY DEFENDANTS McMANAMA AND GERMANO

Although familiarity with the factual and procedural history of this case is presumed, a brief summary of the procedural history relevant to this motion follows. Plaintiffs commenced this action on October 29, 2002 (Dkt. #1) and on February 13, 2003, this case was referred to this Magistrate Judge for discovery purposes. (Dkt. #53).

On July 2, 2003, plaintiffs filed their Motion to Compel (Dkt. #74), which was granted in part and denied in part in a twenty-five page Ruling on Plaintiffs' Motion to Compel Interrogatory Answers and Documents, filed on September 11, 2003 (Dkt. #100)["September Ruling"]. Discovery related to defendants James McManama and George Germano was addressed in Section II.C of the September Ruling (pages 11-16), with compliance ordered by September 29, 2003.[1] The September Ruling further held that all fact discovery shall be completed on or before October 31, 2003 and all expert discovery shall be completed on or before December 31, 2003, without further extensions, "absent compelling and

---

[1] The September Ruling also concerned production of documents related to 2 Donuts (Section II.A, at 8-10), production of documents related to 3 Kings (Section II.B, at 10-11), document requests served on Glenn Stetzer, and interrogatories served on Glenn Stetzer, 4 Donuts, and Grando (Section II.D, at 16-23), and extension of the discovery deadlines (Section II.E, at 23-24).

1

unforeseeable circumstances." (Id. at 23-24).

On September 23, 2003, defendants McManama and Germano filed the pending Motion for Clarification (Dkt. #102).[2]  On October 6, 2003, plaintiffs filed their brief in opposition, which indicated, inter alia, that the discovery dispute had been resolved with respect to defendant Germano. (Dkt. #107).[3]

The sole dispute then is the scope of discovery that the September Ruling ordered to be produced by defendant McManama. In his motion, defendant McManama indicated that "it is [his] belief and understanding that this Court limited his responses to plaintiff[s'] interrogatories and document requests to information relating only to 2 Donuts . . . and HMS . . . from 1998 to the present." (Dkt. #102, at 1-2).  In contrast, plaintiffs argue that defendant McManama is required to more extensive discovery, i.e., Interrogatories Nos. 1, 2, 4, 6 & 9-10 and Document Requests Nos. 1-4, 6-9, 12, 16-18 & 22, consistent with what was ordered from defendants Glenn Stetzer, 4 Donuts and Grando. (Dkt. #107, at 3-4). As of the date of the brief, plaintiffs indicated that defendant McManama had not complied with any of the discovery requests (id. at 2; see also Dkt. #108, at 2 & 4-5), and plaintiffs seek additional time to complete discovery upon production of the documents. (Dkt. #107, at 4-5; see also Dkt. #108, at 5-6).

---

[2]The following two exhibits were attached: copy of defendant McManama's Supplemental Responses to Plaintiff's First Set of Interrogatories, dated February 11, 2003 (Exh. A); and copy of Germano's Responses to Plaintiff's First Set of Interrogatories, also dated February 11, 2003 (Exh. B).

Two days later, defendants McManama and Germano also filed an Objection (Dkt. #104), to the September Ruling, raising the same arguments as in the Motion for Clarification.

[3]Attached as Exh. 1 was a copy of a letter between counsel, dated October 3, 2003, which indicated that the parties had resolved their discovery dispute with respect to defendant Germano.

The next day, plaintiffs filed their opposition to defendant McManama's objection. (Dkt. #108).

2

Defendant McManama is correct that the September Ruling addressed solely his discovery obligations relating to 2 Donuts and HMS (September Ruling, Section II.C, at 11-15), and that the more extensive discovery ordered from defendants Glenn Stetzer, 4 Donuts and Grando (id. Section II.D, at 16-23) is not applicable to him. The September Ruling tracked the requests made in plaintiffs' brief in support of their motion, which, with respect to defendant McManama, addressed solely 2 Donuts (Dkt. #75, at 7-8), with the specific interrogatories and document requests addressed to defendants Glenn Stetzer, 4 Donuts, and Grando (id. at 10-27).[4] Plaintiffs cannot obtain from defendant McManama's Motion for Clarification more than they sought in their original Motion to Compel.

The Court is concerned, however, that at least as of October 6, 2003, defendant McManama had failed to comply with the September Ruling, even as to the documents regarding 2 Donuts and HMS, which he acknowledged were due. If he has not already done so, defendant McManama shall produce such documents **on or before October 31, 2003**.[5]

Accordingly, defendant McManama's Motion for Clarification (Dkt. #102) is granted.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless

---

[4] The brief expressly stated:"The following are the specific document requests and interrogatories submitted to Defendants Stetzer, 4 Donuts, Inc., and Grando, Inc. . . . " (At 11).

[5] If any counsel believes that a further, and limited, extension of the discovery deadlines is necessary, he or she should arrange for a telephonic status conference. In addition, counsel shall contact the Magistrate Judge's Chambers to arrange for a settlement conference, as previously ordered in the September Ruling (at 24).

The Magistrate Judge notes the dramatic improvement in the tone of counsel's present motions and briefs, in comparison to those previously filed (see September Ruling at 3, n.9 & 23-24), for which counsel are to be commended.

3

reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within ten days after service of same**); FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit**).

Dated at New Haven, Connecticut, this 24th day of October, 2003.

>                                       Joan Glazer Margolis
>                                       United States Magistrate Judge

4

AO 72A
(Rev. 8/82)