IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------x

DUNKIN' DONUTS INC. ET AL.                          :          3:02 CV 1920 (MRK)

v.                                                  :

                                                    :

4 DONUTS, INC. ET AL.                               :          DATE: OCT. 23, 2003

-----------------------------------------------------x

### RULING ON JOINT MOTION BY HASSETT & GEORGE, P.C. AND PLAINTIFFS TO QUASH SUBPOENA SERVED ON HASSETT & GEORGE, P.C.

Although familiarity with the factual and procedural history of this case is presumed, a brief summary of the procedural history relevant to this motion follows. Plaintiffs commenced this action on October 29, 2002 (Dkt. #1) and on February 13, 2003, this case was referred to this Magistrate Judge for discovery purposes (Dkt. #53).  On July 31, 2003, plaintiffs and Hassett & George, P.C. ["Hassett & George"] filed their Joint Motion to Quash Subpoena Issued by Defendants 4 Donuts, Inc., Grando, Inc. and Glenn Stetzer ["defendants 4 Donuts, Grando and Glenn Stetzer"] to Hassett & George, in which plaintiffs and Hassett & George indicated a willingness to have the Court conduct an *in camera* review of the documents at issue. (Dkt. #82, at 2 & 6 n.3). On August 11, 2003, defendants 4 Donuts, Grando and Glenn Stetzer filed their brief in opposition. (Dkt. #90). On September 23, 2003, this Magistrate Judge issued a Ruling (Dkt. #103)["September 2003 Ruling"], which granted the joint motion in part to the extent the Court ordered an *in camera* review. (Dkt. #103).   Ten days later, plaintiffs submitted the following documents: (1) copies of emails between plaintiffs' counsel and Hassett & George from October 2002 to July 2003; (2) copies of correspondence between plaintiffs' counsel and Hassett & George between

AO 72A
(Rev. 8/82)

October 2002 and July 2003; and (3) copies of redacted and unredacted[1] invoices submitted by Hassett & George for services rendered to Richard Czuprynski and forwarded to plaintiffs' counsel.[2]

Plaintiffs and Hassett & George assert that the documents requested constitute privileged materials relating to Hassett & George's representation of Czuprynski (Dkt. #82, at 2-5), and the correspondence and other communications between counsel are protected by the common interest rule, the exception to the general rule that the attorney-client privilege is waived when information is disclosed to a third party. (Id. at 5-7). In response, defendants 4 Donuts, Grando and Glenn Stetzer contend that movants have failed to

---

[1]The redacted copies were received under separate cover on October 8, 2003 after plaintiffs' counsel erroneously submitted two copies of unredacted documents on October 3, 2003.

[2]As the September 2003 Ruling explained, on July 3, 2003, Richard Czuprynski ["Czuprynski"], one of defendants' former managers, was deposed, at which deposition he testified that Allied Domecq hired Hassett & George to "help him [(Czuprynski)] take care of" the assault by defendant McManama. (Dkt. #103, at 1-2). Shortly thereafter, on July 9, 2003, defendants served on Hassett & George a subpoena requesting the following:

   1. For the period January 1, 2001 through present, produce all documents, electronic or otherwise, including without limitation[,] correspondence, bills, time sheets, records of hours worked, documents reflecting tasks performed for billings purposes, engagement letters, and payment of bills, that refer to, relate to, or reflect:

      a)    legal services provided to or for the benefit of Richard Czuprynski;

      b)    the amount charged for such legal services;

      c)    the dates such legal services were rendered; or

      d)    the person or entity charged for payment of such legal services.

   2. All correspondence between you and attorneys for [plaintiffs], or Allied Domecq, including without limitation[,] in-house attorneys and attorneys at Schmeltzer, Aptaker & Shepard, P.C., that refers to, related to, or reflects Richard Czuprynski.

(Dkt. #103, at 2).

2

comply with Local Rule of Civil Procedure 37(a)1[3] as counsel did not discuss this dispute in a good faith effort to reach a resolution prior to filing this motion (Dkt. #90, at 3); the information sought is highly relevant and necessary for defendants' case[4] (id. at 4-5); the materials sought are not protected by the attorney-client privilege because the subpoena demands production of billing records, an engagement letter and other non-privileged correspondence (id. at 5-8); and the common interest rule is inapplicable because Czuprynski has opposing interests to plaintiffs, Czuprynski has no interest in this civil litigation, and there is no evidence of a joint strategy agreement. (Id. at 9-11).

## I. DISCUSSION

The scope of discovery extends to "any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The documents that defendants 4 Donuts, Grando, and Glenn Stetzer seek relate to Hassett & George's representation of their client, Czuprynski. Plaintiffs have paid for Hassett & George's representation of Czuprynski, for whom plaintiffs have worked to protect from future potential harm from defendants. Plaintiffs and Hassett & George now assert that the three types of material[6]

---

[3]The rule to which defendants refer is Local Rule 37(a)2. Rule 37(a)1 requires that a party who asserts a claim of privilege in response to a discovery request must provide a privilege log.

[4]Specifically, defendants 4 Donuts, Grando and Glenn Stetzer contend that the information sought is highly relevant and necessary for their case "[b]ecause both the amount plaintiff[s] ha[ve] paid and the general nature of the representation . . . will affect . . .Czuprynski's credibility as a witness in this case." (Dkt. #90, at 4).

Although the work-product privilege, not asserted here, may be overcome by a showing of substantial need and undue hardship, see FED. R. CIV. P. 26(b)(3); United States v. Adlman, 134 F.3d 1194 (2d Cir. 1998), "the attorney-client privilege in its federally recognized form cannot be overcome simply by a showing of need." Martin v. Valley Nat'l Bank of Arizona, 140 F.R.D. 291, 306 (S.D.N.Y. 1991)(citation omitted).

[5]Defendants 4 Donuts, Grando and Glenn Stetzer contend that plaintiffs' counsel, after this motion was filed, agreed to produce documents responsive to the subpoena with redactions of portions they contend are protected from discovery. (Dkt. #90, at 1). The Court encourages such production and to the extent such documents have been produced to these defendants, this Ruling is moot as to those specific documents.

3

(billing records, engagement letters and other correspondence) which defendants 4 Donuts, Grando and Glenn Stetzer seek are protected from disclosure by the attorney-client privilege.

"To invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir.)(multiple citations omitted), cert denied, 519 U.S. 927 (1996). The burden of establishing the "existence of any attorney-client privilege, in all of its elements, rests with the party asserting it." In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000)(citations & internal quotations omitted), on remand, 2001 WL 237377 (S.D.N.Y. Mar. 2, 2001).

Hassett & George have standing to assert such privilege on behalf of their client, Czuprynski, as their client is the actual recipient of their services, the protection of the substance of which is the purpose of the pending motion. See 3-503 WEINSTEIN'S FED. EVID. § 503.11 [1] (2003). However, because Hassett & George, rather than Czuprynski, is the recipient of plaintiffs' services, Czuprynski is not a "client" of plaintiffs; thus plaintiffs cannot assert a claim that such correspondence and related documents between Hassett & George and plaintiffs is privileged. See United States v. Johnston, 146 F.3d 785, 794-95 (10th Cir. 1998), cert. denied, 525 U.S. 1088 (1999). In Johnston, the defendant, a defense attorney representing relatives of a former client, claimed that the conversations he had with his former client regarding the representation of the former client's relatives, for whom the former client paid for legal representation, were privileged. Id. The Court found that the defendant's clients were the relatives, not his former client, even if this former client paid for the legal representation. Id. Likewise, in this case, both Hassett & George and plaintiffs

4

AO 72A
(Rev. 8/82)

are claiming that the documents regarding the legal representation of Czuprynski, for which plaintiffs have paid, are privileged.  Hassett & George's client is Czuprynski; Hassett & George cannot claim that the correspondence and related documents exchanged with plaintiffs are subject to the attorney-client privilege as plaintiffs are not Hassett & George's client, and conversely plaintiffs cannot assert the privilege on behalf of Czuprynski who is not their client and does not become their client by virtue of their decision to pay for his legal representation.  Hassett & George, however, may assert the attorney-client privilege on behalf of Czuprynski to protect documents related to their representation of Czuprynski and such documents may include those shared with plaintiffs pursuant to the common interest rule.

Once a privileged communication is disclosed to a third party, that privilege is waived "unless the disclosed material falls under the common interest rule." United States v. United Techs. Corp., 979 F. Supp. 108, 111 (D. Conn. 1997).  The common interest rule "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989)(citation omitted), cert. denied, 502 U.S. 810 (1991).

Defendants 4 Donuts, Grando and Glenn Stetzer assert that Czuprynski's deposition testimony as to the fact that plaintiffs hired Hassett & George to represent him, at no cost to him and for the purpose of helping him press charges against defendant McManama,

5

constitutes a waiver of any claim of attorney-client privilege with respect to those subjects.[6] (Dkt. #90, at 7-8 & Exh. B).    However, Czuprynski's deposition testimony does not constitute a waiver of the attorney-client privilege as the information as to which he testified does not constitute confidential legal advice.  Defendants 4 Donuts, Grando and Glenn Stetzer further contend that the communications and documents Hassett & George shared with plaintiffs constitute a disclosure to a third party and thus waives the attorney-client privilege because plaintiffs are not clients of Hassett & George.  (Dkt. #90, at 8-11). Defendants 4 Donuts, Grando and Glenn Stetzer argue that the common interest rule does not apply because Czuprynski has opposing interests to those of plaintiffs; Czuprynski has no interest in this civil lawsuit; and there is no evidence that Hassett & George entered into a joint strategy agreement or have even agreed on a joint strategy.  (Dkt. #90, at 9-11).

### A. CORRESPONDENCE

In their Complaint in the present action, plaintiffs contend, *inter alia*, that defendants have "engaged in an assault and battery of a former manager [Czuprynski] of one of [plaintiffs'] shops, and . . . have made or participated in the making of threats to the former manager to prevent him from providing information to [plaintiffs] . . . ." (Dkt. #1, at 1-2). Plaintiffs are now seeking to protect Czuprynski from future potential harm from defendants and such protection is not only in the interest of plaintiffs for the purpose of establishing their case, but also clearly in the interest of Czuprynski.  The email correspondence that this Court has reviewed *in camera* reveals that both plaintiffs and Hassett & George, in

---

[6]Defendants 4 Donuts, Grando and Glenn Stetzer also argue that the attorney-client privilege protects only legal advice, not the facts underlying such advice, and that movants bear the burden of showing that any given communication was for the purpose of giving legal advice; it is improper to simply declare that every communication in its entirety is privileged. (Dkt. #90, at 8).

Plaintiffs' submission of the documents at issue reveals that their burden has been satisfied as to their claim of privilege.

6

disclosing confidential information to the other, did so in an effort to employ a joint legal strategy in Hassett & George's representation of Czuprynski and the impact such representation has on plaintiffs' case against all defendants.    The focus of this correspondence is one of a legal, rather than business, nature and reflects a "joint analysis" of the criminal and civil issues involved, namely the claims made by plaintiffs against defendants for under reporting of sales and for the assault on Czuprynski by defendant McManama, and the concurrent protection of the interests of both parties.    See United Techs. Corp., 979 F. Supp. at 112; see United States v. Weissman, 195 F.3d 96, 99-101 (2d Cir. 1999)(the impression of one side is insufficient to constitute a joint defense agreement pursuant to the common interest rule; "[s]ome form of joint strategy is necessary.").    Moreover, it is clear to the Court that the email correspondence includes communications intended to be confidential, protected from disclosure and communicated for the purpose of providing legal advice.

### B. ENGAGEMENT LETTER BETWEEN PLAINTIFFS AND HASSETT & GEORGE

Plaintiffs and Hassett & George contend that the engagement letter between plaintiffs and Hassett & George under which the fee arrangement for the representation of Czuprynski was established has been "treated as privileged and confidential by the parties from the outset of the case" and is marked as such.  (Dkt. #82, at 6). "While it is true that fee arrangements per se are not privileged, . . . retainer agreements may contain communications that are privileged." Funke v. Life Fin. Corp., 2003 WL 1787125, at *1 (S.D.N.Y. April 3, 2003)(citation omitted).   Besides the relevant hourly fees, the signed retainer agreement here does not contain significantly more detail regarding the scope of Hassett & George's representation of Czuprynski than was discussed at Czuprynski's deposition. In addition, the letter does not constitute a communication between an attorney

7

and client since the client, Czuprynski, although the topic of the letter, is not a signatory nor was his involvement ever intended.

### C. BILLING RECORDS

For the same reasons articulated in Section 1.B supra, and specifically because billing statements generally do not reveal a client's confidential communications, billing statements are generally not privileged material. See Loftis v. Amica Mut. Ins. Co., 175 F.R.D. 5, 12 (D. Conn. 1997). However, defendants are entitled only to the redacted version of such records as this Court's *in camera* review reveals that disclosure of unredacted copies of such records would reveal the substance of confidential communications between Hassett & George and Czuprynski and thus such information is privileged.

### II. CONCLUSION

Accordingly, for the reasons stated above, Joint Motion by Hassett & George and plaintiffs to Quash Subpoena Issued by defendants 4 Donuts, Grando and Glenn Stetzer to Hassett & George (Dkt. #82) is granted in part and denied in part to the extent that plaintiffs need not produce copies of the emails, but must produce a copy of the engagement letter and redacted copies of billing statements, **on or before October 31, 2003**.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small

8

v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 23rd day of October, 2003.

Joan Glazer Margolis
United States Magistrate Judge

9