# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DUNKIN' DONUTS INCORPORATED, )
   a Delaware corporation, and )
DUNKIN' DONUTS USA, INC., )
   a Michigan corporation, )
                              Plaintiffs, )    C.A. No. 302 CV 1920 (JBA)

v. )

4 DONUTS, INC., )
   a Connecticut corporation, )
GRANDO, INC., )
   a Connecticut corporation, )
GLENN STETZER, )
KATHLEEN STETZER, )
GEORGE GERMANO, and )
JAMES MCMANAMA )
                              Defendants. )    SEPTEMBER 9, 2003

## PLAINTIFF DUNKIN' DONUTS INCORPORATED'S ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Dunkin' Donuts Incorporated (hereinafter "Dunkin'" or "Dunkin' Donuts) responds to the Second Set of Interrogatories served by Defendants 4 Donuts, Inc., Grando, Inc. and Glenn Stetzer (hereinafter "Defendants") as follows:

## INTRODUCTORY STATEMENTS AND GENERAL OBJECTIONS

1.    Dunkin' has not fully completed its investigation into the facts pertaining to this suit, has not completed its discovery, and has not completed its preparation for trial. Answers contained herein are based only on such information and materials as are presently available and known to Dunkin'. This anticipated further discovery, investigation, legal research and analysis

may supply additional facts and will establish information which may vary from that set forth herein. The answers set forth are given without prejudice to Dunkin's right to introduce evidence of any subsequently discovered fact(s) or circumstance(s). Dunkin' accordingly reserves its right to change or modify any response as additional facts or circumstances are ascertained, analyses are made and legal research is completed.

2. Dunkin' Donuts objects to Defendants' Interrogatories to the extent that the Interrogatories seek to impose requirements or obligations on Dunkin' Donuts in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules. In responding to each Interrogatory, Dunkin' Donuts will respond by providing only such information as may be required and proper under the Federal Rules of Civil Procedure and the Local Rules.

3 Dunkin' Donuts objects to Defendants' Interrogatories to the extent that the Interrogatories seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended to, or in any way shall be deemed, a waiver of any such available privilege or doctrine. In responding to each Interrogatory, Dunkin' Donuts will not provide privileged or otherwise protected information.

4. The foregoing objections and limitations shall be applicable to, and included in, Dunkin' Donuts' response to every definition and Interrogatory propounded by Defendants.

2

## INTERROGATORIES

Subject to, and without waiver of, the foregoing general statements and objections, Dunkin' answers the specific interrogatories as follows:

1. Identify each employee that plaintiffs contend was a foreigner working illegally in any of the franchises operated by the defendants.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it calls for information that is subject to the attorney-client privilege and the work product doctrine. Subject to and without waiving its objections, Dunkin' states that the answer to this Interrogatory may be derived or ascertained from Defendants' general ledgers and banking records, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. Fed. R. Civ. P. 33(d). Further answering, Dunkin' states that its investigation of this issue is continuing and it will provide a supplemental answer if necessary.

2. Specify by citation each law or statute plaintiffs contend any defendant violated which in turn constituted a breach of Section 5.Q. or 5.1.7 of any franchise agreement, as alleged in Paragraph 50 of the Complaint, identify each defendant who plaintiffs contend violated each such law or statute, and describe the conduct plaintiffs contend constituted each such violation.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it calls for information that is subject to the attorney-client privilege and the work product doctrine. Subject to and without waiving its objections, Dunkin' states that the conduct described in Dunkin's complaint and in the notice of termination violate a number of laws, including CONN GEN. STAT. §§ 53a-61, 53a-181, 53a-64, 53a-62, 53a-116 and 53a-48. Dunkin' Donuts also has reason to believe based on Defendants' limited production of documents and the testimony of Richard Czuprynski, that the following laws may have also been violated: 26 U.S.C. § 3401, *et seq*.; 26

3

U.S.C. § 7201; 26 U.S.C. § 7206; 18 U.S.C. § 1001 and the corresponding Connecticut statutes. Further answering, Dunkin' states that the answer to this Interrogatory may also be derived or ascertained from Defendants' general ledgers, tax returns, and banking records, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. Fed. R. Civ. P. 33(d). Dunkin' also states that its investigation of this issue is continuing and it will provide a supplemental answer if necessary.

3. Identify each franchisee (other than defendants) in the Dunkin' Donuts system that has provided "catering" as described in Paragraph 39 of the Complaint and, for each such franchisee, describe the catering services provided, the dates such services were provided, and the actions taken by plaintiffs or Allied Domecq with regard to such catering services.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Dunkin' also objects to this Interrogatory on the grounds that it calls for information that is subject to the attorney-client privilege and the work product doctrine. Dunkin' further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Identify each person who participated in the creation of Deposition Exhibit 26 (4DON 000441) or any of its variations, including Deposition Exhibits 1, 24 (DD 3536), and 25 (DD 3537-38), explain the reasons for the inconsistent contents of these documents, identify each person who participated in the decision to send any of these variations to defendants, and state why it was sent.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it is vague and overly broad. Subject to and without waiving these objections, Dunkin' states that Corrie Plasse helped create the November 16, 2001 Customer Care Center report. The Customer Care Center

4

report has several templates on its header that are updated each week, including the name of the franchisee, the BC, the FMM and the GM. The current franchisee, BC, FMM and GM are listed on the report each time it is printed. The content of the report does not change. Further answering, Dunkin' states all full detail reports, such as Exhibit 26, that were generated by the Customer Care Center in fiscal year 2002 were sent out to the corresponding franchisees in the Dunkin' Donuts system in September 2002.

5. Provide the date when Sandra Lach Mesli began working for plaintiffs or Allied Domecq and the dates during which she served as Business Consultant for the defendants.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Dunkin' states that Sandra Lach Mesli began working for Dunkin' Donuts on April 1, 2002 and served as Defendants' Business Consultant from June 2002 to January 2003.

6. Provide the dates during which Frank Basler has served as Business Consultant for the defendants.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Dunkin' states that Frank Basler served as Defendants' Business Consultant from January 2003 to the present.

7. Provide the dates during which Patty Healy served as "FMM" (her position as listed on Deposition Exhibit 25) for the defendants.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Dunkin' states that Patty Healy served as FMM for the Defendants from January 14, 2003 through July 31, 2003.

8. Provide the dates during which Ruth Swanson served as "FMM" (her position as listed on Deposition Exhibits 1, 24 and 26) for the defendants.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Dunkin' states that Ruth Swanson served as FMM for the Defendants from 1997 through January 14, 2003.

9. Identify the Business Consultant for the defendants on November 16, 2001.

**ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Dunkin' states that Joe Chaves was the acting Business Consultant for the Defendants' franchises on November 16, 2001.

10.  Identify each person who developed the methodology on which the Retail sales Analysis marked as Deposition Exhibit 62 is based.

**ANSWER**:  Dunkin' objects to this Interrogatory on the grounds that it calls for information that is subject to the attorney-client privilege and the work product doctrine. Subject to and without waiving its objections, Dunkin' states that John Capicchioni developed the methodology of the Retail Sales Analysis.

Respectfully submitted,

Robert L. Zisk ct 13503
Jeffrey L. Karlin ct 14965
Peter V. Taylor ct 24447
Christopher M. Loveland ct 24169
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 333-8800

Paul D. Sanson ct 05477
Alexandra M. McHugh ct 22428
SHIPMAN & GOODWIN LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5612

Attorneys for Plaintiffs
Dunkin' Donuts Incorporated,
Dunkin' Donuts USA, Inc.

Dated: September 9, 2003

7

## DECLARATION

JACK LAUDERMILK declares under the penalty of perjury:

1. I am employed by Dunkin' Donuts Incorporated as Assistant General Counsel and Assistant Secretary. I am authorized to answer the Defendants' interrogatories.

2. I have read the foregoing Responses to Defendants' Interrogatories and know the contents thereof. The said answer was prepared with the assistance and advice of counsel upon whose advice I have relied. The answer set forth herein, subject to inadvertent or undiscovered errors, is based on and therefore necessarily limited by the records and information still in existence, and reasonably available to Dunkin' Donuts, presently recollected and thus far discovered in the course of the preparation of these answers. Consequently, Dunkin' Donuts reserves the right to make any changes in the answer if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to the limitations set forth herein the said answers are true to the best of my knowledge, information, or belief.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Jack Laudermilk

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiff Dunkin' Donuts Incorporated's Answers to Defendants' Second Set of Interrogatories was served by facsimile and first class mail upon counsel for Defendants at the addresses listed below on this 9th day of September 2003.

Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Robert K. Walsh, Esq.
The Law Offices of Robert K. Walsh
193 State Street
P.O. Box 777
New Haven, CT 06473

Jeffrey L. Karlin