# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED, a Delaware corporation, and DUNKIN' DONUTS USA, INC., a Michigan corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| 4 DONUTS, INC., a Connecticut corporation, GRANDO, INC., a Connecticut corporation, GLENN STETZER, KATHLEEN STETZER, GEORGE GERMANO, and JAMES MCMANAMA | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

C.A. No. 302 CV 1920 (JBA)

SEPTEMBER 9, 2003

## PLAINTIFF DUNKIN' DONUTS INCORPORATED'S RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Dunkin' Donuts Incorporated (hereinafter "Dunkin'" or "Dunkin' Donuts) responds to the Second Request for Production of Documents served by Defendants 4 Donuts, Inc., Grando, Inc. and Glenn Stetzer (hereinafter "Defendants") as follows:

## INTRODUCTORY STATEMENTS AND GENERAL OBJECTIONS

1.    Dunkin' Donuts objects to Defendants' Document Requests to the extent that the Requests seek to impose requirements or obligations on Dunkin' in addition to or different from those imposed by the Federal Rules. In responding to each Request, Dunkin' will respond by providing only such documents as may be required and proper under the Federal Rules.

2.    Dunkin' objects to Defendants' Requests to the extent that the Requests seek

information or documents that are protected from discovery by the attorney-client privilege, the

work-product doctrine or any other applicable privilege. Nothing contained in these objections is

intended to, or in any way shall be deemed, a waiver of any such available privilege or doctrine.

In responding to each Request, Dunkin' will not provide privileged or otherwise protected

information.

3.    The foregoing objections and limitations shall be applicable to, and included in,

Dunkin's response to every Request propounded by Defendants.

### Requests for Production of Documents

Subject to, and without waiver of, the foregoing general statements and objections,

Dunkin' answers the specific requests for the production of documents as follows:

1.    Each document that refers to, relates to or reflects a communication between a
consumer, supplier, employee, or former employee and plaintiffs' or Allied Domecq's Consumer
Care Center concerning any of the defendants or their franchises.

RESPONSE:  Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence. Dunkin' also objects to this request insofar as it calls for information that is subject to

the attorney-client privilege and the work product doctrine. Subject to and without waiving these

objections, Dunkin' states that responsive documents have been produced.

2.    Each document that refers to, relates to or reflects the discontinuance of the
Branded Products Program.

RESPONSE:  Dunkin' objects to this Request on the grounds that it is vague, overly

broad and unduly burdensome. Dunkin' also objects to this Request on the grounds that it calls

for documents that are neither relevant, nor reasonably calculated to lead to the discovery of

2

admissible evidence. Dunkin' further objects to the Request insofar as it calls for confidential

commercial information.

3.     The Allied Domecq Loss Prevention Underreporting Manual in effect in 2001 and
2002.

RESPONSE:  Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence. Moreover, Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege, the trade secret privilege, the work product doctrine and

seeks confidential commercial information.

4.     Each document that refers to, relates to or reflects Joseph McGowan's annual
performance review for the years 2001, 2002, or 2003.

RESPONSE:  Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving these objections, Dunkin' states that it will produce

responsive documents only on the condition that Defendants executed the parties' confidentiality

agreement.

5.     Each document that refers to, relates to or reflects the wholesale of coffee.

RESPONSE:  Dunkin' objects to this Request on the grounds that it is vague, overly

3

broad and unduly burdensome. Dunkin' also objects to this Request on the grounds that it calls

for documents that are neither relevant, nor reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiving these objections, Dunkin' states that there

is no written policy as to the wholesale sale of coffee.

6.      Each document, including but not limited to phone records and notes, that refers
to, relates to or reflects any conversation between Richard Czuprynski and any employee of or
attorney representing plaintiffs or Allied Domecq.

RESPONSE: Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege and the work product doctrine. Subject to and without

waiving these objections, Dunkin' states that responsive documents have been produced.

7.      All correspondence between Joe McGowan and the defendants.

RESPONSE: Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving these objections, Dunkin' states that responsive

documents have been produced.

8.      Each document that refers to, relates to or reflects remodeling of defendants'
stores at 200 Sargent Drive. New Haven, Connecticut and 1950 State Street, Hamden,
Connecticut, in the year 2002.

RESPONSE: Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

4

evidence. Subject to and without waiving these objections, Dunkin' states that responsive

documents have been produced.

 

 

9.    Each document that refers to, relates to or reflects the renewal of or a recommendation concerning the renewal of defendants' franchise agreement for the store located at 200 Sargent Drive, New Haven, Connecticut.

RESPONSE:  Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving these objections, Dunkin' states that responsive

documents have been produced.

 

 

10.    Each document that refers to, relates to or reflects a bill or invoice from Raymond Hassett, Esq. or Hassett & George, P.C. in connection with representation of Richard Czuprynski, payment of such a bill or invoice, or an agreement or commitment to pay for Richard Czuprynski's legal representation.

RESPONSE:  Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege and the work product doctrine. Subject to and without

waiving these objections, Dunkin' states that redacted copies of billing records have been

produced.

 

 

11.    Each document, including drafts, alternative versions, electronic versions, and worksheets, that refers to, relates to, or reflects the Retail Sales Analysis (Deposition Exhibit 62).

RESPONSE:  Dunkin' objects to this Request on the grounds that it is vague, overly

broad and unduly burdensome. Dunkin' also objects to this Request insofar as it calls for

information that is subject to the attorney-client privilege, the trade secret privilege, and the work

5

product doctrine. Subject to and without waiving these objections, Dunkin' states that all

documents relating to the Retail Sales Analysis conducted on Defendants' shops have been

produced.


12.    Each document that refers to, relates to, or reflects the Calculation of Restitution
(Deposition Exhibit 63).

RESPONSE: Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine.

Subject to and without waiving these objections, Dunkin' states that responsive documents have

been produced.


13.    Each document, including a damages analysis, that refers to, relates to, or reflects
any damages that plaintiffs are claiming in this action.

RESPONSE:  Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine.

Subject to and without waiving these objections, Dunkin' states that responsive documents have

been produced. Further answering, Dunkin' states that any expert reports on damages will be

disclosed in accordance with the court's rules and orders.


14.    Each document that refers to, relates to, or reflects any joint or common interest
agreement between plaintiffs or their counsel and Richard Czuprynski or his counsel.

RESPONSE:  Dunkin' objects to this Request insofar as it calls for information that is

6

subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine.

Subject to and without waiving these objections, Dunkin' states that no such documents exist.

Respectfully submitted,

By: _____

Robert L. Zisk ct 13503
Jeffrey L. Karlin ct 14965
Peter V. Taylor ct24447
Christopher M. Loveland ct 24169
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, NW
Suite 1000
Washington, D.C.  20037
tel. (202) 333-8800
fax  (202) 337-6065

Paul D. Sanson ct05477
Alexandra M. McHugh ct22428
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
tel. (860) 251-5000
fax (860) 251-5700

Attorneys for Plaintiffs Dunkin' Donuts
Incorporated and Dunkin' Donuts USA, Co.

Dated: September 9, 2003

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiff Dunkin' Donuts Incorporated's Responses to Defendants' Second Request for Production of Documents was served by facsimile and first class mail upon counsel for Defendants at the addresses listed below on this 9th day of September 2003.


Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Robert K. Walsh, Esq.
The Law Offices of Robert K. Walsh
193 State Street
P.O. Box 777
New Haven, CT 06473


Jeffrey L. Karlin