# EXHIBIT C

RICHARD S. ORDER
(860) 275-8140
rso@avhlaw.com

**AXINN,
VELTROP &
HARKRIDER LLP**

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL:(860) 275-8100
FAX:(860) 275-8101

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL: (212) 728-2200
FAX: (212) 728-2201

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

September 19, 2003

<u>VIA FACSIMILE</u>:  (202) 337-6065

Jeffrey L. Karlin Esq.
Peter V. Taylor, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC  20037

   Re: <u>Dunkin' Donuts Incorporated, et al. v. 4 Donuts, Inc., et al.</u>

Dear Jeff and Peter:

  We have received plaintiff Dunkin' Donuts Incorporated's responses to defendants 4 Donuts, Inc., Grando, Inc., and Glenn Stetzer's (a) First Set of Requests for Admission, (b) Second Set of Interrogatories, and (c) Second Request for Production of Documents, all dated September 9, 2003.  There are a number of concerns raised by these responses that I would like to address with you.

A. **<u>Service and Waiver</u>**

  We had served all three discovery requests by hand delivery on your local counsel on August 6, 2003.  Consequently, under the Federal Rules of Civil Procedure, plaintiffs were required to respond or object to these discovery requests on or before September 5, 2003.  The responses, however, were not faxed to us until 7:50 p.m. in the evening of September 9, 2003.  Moreover, although each of these discovery requests was served on both plaintiffs, Dunkin' Donuts Incorporated and Dunkin' Donuts USA, Inc., your responses were made only on behalf of Dunkin' Donuts Incorporated

  As a result, both Dunkin' Donuts Incorporated and Dunkin' Donuts USA, Inc. have waived any objections to the First Set of Requests for Admission because the objections were not filed within 30 days after service.  Under Rule 36(a), therefore, each request for admissions has been admitted by both Dunkin' Donuts Incorporated and Dunkin' Donuts USA, Inc., because

Jeffrey L. Karlin Esq.
Peter V. Taylor, Esq.
September 19, 2003
Page 2

neither served objections within 30 days after service. With respect to Dunkin' Donuts Incorporated, the attempted objections are untimely. As for Dunkin' Donuts USA, Inc., it has not even attempted to object belatedly to any request for admission.

With respect to the second set of interrogatories and second request for production of documents, we insist that Dunkin' Donuts USA, Inc. serve responses to each of these discovery requests.

**B.**     **Requests for Admissions**

Dunkin' Donuts Incorporated objected to each of the eight Requests for Admission on the grounds that they were "vague and ambiguous." We tried very hard to make sure each request was simple and straightforward. Consequently, please explain in what respect you believe they are vague and ambiguous. As you know, Rule 36(a) requires your denial to "fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Consequently, if you have an objection to a particular word or phrase in the request for admission that we could possibly make clearer, please let me know immediately.

It is difficult to see how Dunkin' Donuts Incorporated can deny the Requests for Admissions after Joe McGowan's deposition. As Jeff knows, Joe McGowan performed at his deposition on August 1, 2003 all the calculations that he should have performed prior to the commencement of this action and confirmed that Deposition Exhibit Nos. 59, 60, and 61 reflected the reporting of the sales to plaintiffs' private investigators. Consequently, Request for Admission Nos. 3-7 should be admitted. Furthermore, he testified that plaintiffs have no substantiation for or corroboration of the accusations made by Richard Czuprynski and reflected in the Consumer Care Center report dated November 16, 2001 and marked variously as Deposition Exhibit Nos. 1, 24, 25, and 26. McGowan Depo. at 179-80. Consequently, Dunkin' Donuts Incorporated's denial of Request for Admission No. 8 is disingenuous. On the other hand, if plaintiffs have such substantiation or corroboration, they have failed to produce it in discovery.

Additionally, you hedge your admission of Request for Admission Nos. 1 and 2. In Joe McGowan's Case Summary dated July 8, 2002 and marked as Deposition Exhibit 58, however, he stated, "A review of the weekly fee cards show one entry for a wholesale account that appears to be a meeting we had catered. It reads 'FSB group' and a manual entry of $500.00. This is the only reference to the seven meetings we catered." In light of McGowan's statement and his deposition testimony, your attempt to qualify the admission of Request Nos. 1 and 2 is disingenuous. Please amend your response and provide an unqualified admission.

Accordingly, if you do not agree that the Requests for Admission have already been deemed admitted because of failure to object within 30 days, please amend your responses to

Jeffrey L. Karlin Esq.
Peter V. Taylor, Esq.
September 19, 2003
Page 3

admit all Requests for Admission. If you do not do so, we ultimately will seek under Rule 37(c)(2) our expenses and attorney's fees incurred in proving these points.

### C. Second Set of Interrogatories

Interrogatory No. 1: Your objection on the grounds of attorney-client privilege and work product doctrine is misplaced. The interrogatory requests plaintiffs to "[i]dentify each employee that plaintiffs contend was a foreigner working illegally in any of the franchises operated by the defendants." Clearly, this is what is known as a contention interrogatory under Rule 33(c) of the Federal Rules of Civil Procedure, which provides that an interrogatory is "not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . . ." Consequently, we are not asking plaintiffs to divulge any attorney-client privilege or work product doctrine information but rather are asking whether the plaintiffs are claiming that the defendants have hired illegal aliens and, if so, the identity of the employees who plaintiffs contend were illegal aliens working for the defendants. For the same reason, your referral under Rule 33(d) to our client's own business records is inappropriate and, in any event, lacks specificity.

You end your answer by saying that your investigation is continuing and that you will supplement your answer if necessary. Such a statement is also inappropriate now that discovery is almost completed. Plaintiffs are required to answer with respect to their contention and knowledge as of today and deferring the answer is not proper. If plaintiffs are not aware of any foreigner working illegally in any of the franchises, they should say so now.

Interrogatory No. 2: Dunkin' Donuts Incorporated's bare recitation of certain statutes by citation with no explanation does not fully respond to the interrogatory. Dunkin' Donuts Incorporated fails to "identify each defendant who plaintiffs contend violated each such law or statute, and describe the conduct plaintiffs contend constituted each such violation." For example, your citation to Connecticut General Statutes § 53a-48, the conspiracy statute, does not explain who conspired to do what. Similarly, your recitation of federal statutes is too vague and you do not even bother citing with specificity as requested "the corresponding Connecticut statutes." For instance, your citation to "26 U.S.C. § 3401, *et seq.*" is not informative. Section 3401 simply sets forth definitions. You fail to explain how plaintiffs can contend that the franchises should be terminated because defendants violated statutory tax definitions. Your reference to "*et seq.*" is clearly too vague to be considered responsive to the interrogatory.

As explained in connection with Interrogatory No. 1, Interrogatory No. 2 is a contention interrogatory and, as a result, your reference under Rule 33(d) to our own records does not explain adequately your contention.

Interrogatory No. 3: I do not understand how you can say that this interrogatory seeking information concerning other franchisees in the Dunkin' Donuts' system that have provided catering is not relevant to this lawsuit. Plaintiffs have claimed that by providing catering

services, defendants have breached their franchise agreements. This interrogatory simply seeks to find out whether Dunkin' Donuts is aware of other franchisees who have provided similar services and whether Dunkin' Donuts deemed such services in those cases to constitute a breach of the franchise agreement. Contrary to plaintiffs' objections, this request is not vague, overly broad, or unduly burdensome because most likely the plaintiffs are aware of other instances. If it is unduly burdensome, it is only because the provision of such services is widely prevalent in the Dunkin' Donuts' system and has continued without plaintiffs' reprimand of such other franchisees or termination of their franchisees. Consequently, such information is extremely relevant to plaintiffs' claims and defendants' defenses.

Interrogatory No. 4: While you identify Corrie Plasse as someone who "helped create the November 16, 2001 Customer Care Center report," you do not identify anyone else who participated in its creation. If she were the only person to participate in its creation, then I do not understand why you used the word "helped."

From the answers to Interrogatories Nos. 5 through 9, it is clear that plaintiffs have not produced the original Consumer Care Center report prepared on November 16, 2001 by Corrie Plasse because the BC on that original report should have been Joe Chaves and none of the variations in Deposition Exhibits 1, 24, 25, or 26 reflect Joe Chaves as the BC. Please produce the original Consumer Care Center report. Perhaps, you can locate the original report by researching Deposition Exhibit 52, the email message of November 16, 2001 from Corrie Plasse to Joe Chaves that he forwarded the next day to Joe McGowan.

Dunkin' Donuts Incorporated's response does not fully "explain the reasons for the inconsistent contents" of the variations of the Consumer Care Center report. For instance, you do not explain why Deposition Exhibit 26 is entitled, "Annoynomous Customer Incident Report," instead of "Consumer Contact Report" as in Exhibit 25.

Interrogatory No. 10: Please comply with the instructions to our interrogatories and supply John Capicchioni's address and telephone number. I believe Jeff has told me that Mr. Capicchioni no longer works for Dunkin' Donuts. Please confirm.

Verification: Jack Laudermilk's verification does not comply with 18 U.S.C. § 1746 because it is not dated. Since he states that "Dunkin' Donuts reserves the right to make any changes in the answer if it appears at any time that omissions or errors have been made therein or that more accurate information is available," now is the time to make the changes and corrections in light of the points I have made.

Jeffrey L. Karlin Esq.
Peter V. Taylor, Esq.
September 19, 2003
Page 5

**D.    Document Requests**

Request Nos. 1, 6-9, 12:    In your responses to each of these document requests, you indicate that "responsive documents have been produced." You do not indicate whether **all** responsive documents have been produced. Please indicate whether all responsive documents have been produced or whether plaintiffs have only produced a subset of all responsive documents.

Request No. 3:    Request No. 3 requests the production of "the Allied Domecq Loss Prevention Underreporting Manual in effect in 2001 and 2002." Dunkin' Donuts Incorporated objects on the grounds of relevance, attorney-client privilege, trade secret "privilege," work product doctrine and the production of commercial information. I do not understand how plaintiffs can maintain on the one hand that its Loss Prevention Department uncovered underreporting by the defendants and on that basis sent a notice of termination of the franchise agreement and, on the other hand, now are refusing to produce the Loss Prevention Underreporting Manual pursuant to which the investigation was conducted. In order for the defendants to assess whether the investigation was appropriate and was conducted in accordance with plaintiffs' own procedures and policies, is necessary for the defendants to review the Loss Prevention Underreporting Manual.

To the extent plaintiffs think the manual contains commercial information and trade secrets, we can agree to appropriate protection that will allay their concerns. After all, our clients are part of the Dunkin' Donuts system, not a competitor of the system.

Request No. 4:    I do not see why it is necessary to sign a confidentiality agreement to obtain Joe McGowan's performance reviews. Nevertheless, in the interest of resolving this issue, please send me a draft confidentiality agreement.

Request No. 8:    Although Dunkin' Donuts Incorporated claims that responsive documents have been produced concerning the remodeling of the Sargent Drive and State Street stores, we have found very few documents in your production that relate to these remodels. Please identify the responsive documents by Bates number.

Request No. 10:    The redacted copies of the billing records do not sufficiently respond to this document request. There is no basis for your argument that communication with Ray Hassett, Esq. or Hassett & George, P.C. or a bill from them constitutes any attorney-client privilege or work product doctrine. Communications between Ray Hassett or his firm and plaintiffs or their law firm simply are not protected under any legal theory. Further undermining this objection is the response to Request No. 14 which indicates that there are no documents that refer to, relate to, or reflect "any joint or common interest agreement between plaintiffs or their counsel and Richard Czuprynski or his counsel."

AVHCT:9918.1

AVHCT:9918.1   9/19/03 12:16:40 PM

Jeffrey L. Karlin Esq.
Peter V. Taylor, Esq.
September 19, 2003
Page 6

      This letter is written in accordance with Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37(a)(2) in an attempt to resolve in good faith our disputes concerning the responses to these three discovery requests. Please respond as soon as possible so that we can clear up and resolve any such disputes. If I do not hear from you by September 26, 2003, you will have given us no choice but to seek assistance from the court.

                                                        Sincerely,

                                                        Richard S. Order

RSO/pas

cc:     Glenn Stetzer
         Amy Leete Van Dyke, Esq.
         Eric L. Palmquist, Esq.

AVHCT:9918.1

AVHCT:9918.1   9/19/03 12:16:40 PM