

1

    1            IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF CONNECTICUT

    2

    3

                              No. 3:02CV1920

    4

    5

    6   DUNKIN' DONUTS INCORPORATED AND           COPY

       DUNKIN' DONUTS USA, INC.

    7

       VS

    8

       4 DONUTS, INC., GRANDO, INC., GLENN STETZER, KATHLEEN

    9   STETZER, GEORGE GERMANO AND JAMES MCMANAMA

   10

   11

   12

   13

   14        Deposition of:   JAMES MCMANAMA, taken before

   15   Barbara L. Murphy, Licensed Shorthand Reporter,

   16   License No. 305 and Notary Public within and for the

   17   State of Connecticut, held at the offices of Shipman

   18   and Goodwin, One American Row, Hartford, Connecticut

   19   on October 15, 2003 commencing at 9:08 a.m.

   20

   21

   22

   23

   24

   25

157

```
1       Q.   (By Mr. Karlin)  About your authority to
2   invest money in 4 Donuts, Inc. into other companies?
3                MR. GILMORE:  Objection as to form.
4                THE WITNESS:  He was sick and he asked
5   me to handle the businesses.
6       Q.   (By Mr. Karlin)  What was your understanding
7   about the length and breadth of your authority with
8   respect to that?
9       A.   Just try to do the best.
10      Q.   Did you have any limits with respect to your
11  authority?
12      A.   Not specifically.
13      Q.   Did Mr. Stetzer put any limits on your
14  authority?
15      A.   Not specifically.
16      Q.   What, if anything, did Mustang Group do with
17  any of the money that was -- that it received from 4
18  Donuts, Inc.?
19      A.   I'm not quite sure.
20      Q.   Did it purchase anything with any of the
21  money that was -- that it received from 4 Donuts,
22  Inc.?
23      A.   Might have purchased a computer but I'm not
24  sure.
25      Q.   Why is it that -- let me withdraw that
```

```
 1      Q.   The next page is a copy of a check 2340 to
 2  Mustang Group for $500.
 3      A.   Yeah.
 4      Q.   From January 30, 2002 and what was that for?
 5      A.   I don't recall.
 6      Q.   And the next page is a check for Mustang
 7  Group for $500 for the next day January 31, 2002.
 8           What was that for?
 9      A.   I don't recall that either.
10      Q.   The next page is a check for $500 from
11  February 22, 2002 to Mustang Group.
12           What was that for?
13      A.   I don't recall.
14      Q.   And the next page a five hundred dollar
15  check to Mustang Group dated February 22, 2002 -- also
16  dated February 22, 2002.
17           The check number though on the -- is
18  8282, Bates stamped number 2462.  The page before just
19  to make it clear for the record is check No. 8281.
20  They're the same date.
21           What was that for?
22      A.   I don't recall.
23      Q.   Did you talk to Glenn Stetzer about any one
24  of those four checks to Mustang Group?
25      A.   I don't recall.
```

318

```
1        Q.    Is Mustang Group conducting any business at
2   the time in either January, February 2002?
3        A.    I don't recall.
4              MR. GILMORE:  Your time is up.
5              MR. KARLIN:  Well, just like we did
6   with Mr. McGowan --
7              THE WITNESS:  I'm done.
8              MR. GILMORE:  We're done.
9              MR. KARLIN:  Mr. McManama was actually
10  noticed to testify and he was designated as a
11  30(b)(6).  I really only have about an hour to go.  We
12  can either do it now or do it another time.
13             MR. GILMORE:  You can seek a court
14  order.
15             MR. KARLIN:  As I said, he was
16  designated as a 30(b)(6) and just like we did with Joe
17  McGowan we took extra time with him.
18             MR. GILMORE:  Has my client ever
19  noticed one of your clients' depositions.
20             MR. KARLIN:  I don't believe so.
21             MR. GILMORE:  Okay.  I don't owe you an
22  accommodation.  I don't owe you an accommodation.
23             MR. KARLIN:  Well, so you're refusing
24  to provide him for any extra time beyond the seven
25  hours?
```

1                MR. GILMORE: We're done certainly for
2   today. I'll take it under advisement and think about
3   producing him for any additional time.
4                MR. KARLIN: I need him for no more
5   than three hours. Probably closer to two.
6                MR. GILMORE: You just said one hour.
7   Now you say you may need three.
8                MR. KARLIN: I'll compromise and need
9   him for an additional two hours to cover both topics
10  for the -- both the seven hours I get for him with
11  respect to noticing as a defendant and the 30(b)(6).
12  Now again I'm willing to stay here right now to do it.
13               MR. ORDER: Right.
14               MR. GILMORE: I'll consult with my
15  client and get back to you whether we'll produce him
16  voluntarily.
17               MR. ORDER: Let me state --
18               MR. GILMORE: Of course, I think Mr.
19  Order probably has an opportunity to object too since
20  there is a seven-hour rule that he may have the right
21  to invoke as well.
22               MR. ORDER: That's true. We managed to
23  take all the depositions except for Mr. McGowan within
24  the seven-hour period afforded by the Federal Rules of
25  Civil Procedure. To paraphrase the guys on Car Talk

320

1  you've gone and wasted a perfectly good deposition
2  day.
3              You've spent all sorts of time --
4  started off the day and all you marked was the
5  30(b)(6) designation and barely asked him any
6  questions related to the topics he was listed for on
7  this.
8              And now with after six and a half hours
9  you finally marked a document to ask him about checks
10 that he had signed.  You even had marked yesterday an
11 exhibit, I think it was Exhibit 79 that had checks
12 that he had signed but you didn't ask him a single
13 question about those.  You asked Mr. Stetzer questions
14 about those checks.
15             So I think that you've wasted time.
16 You could have worked along much more expeditiously
17 and I see no reason why you should be afforded more
18 time to take his deposition.
19             You didn't budget your time
20 appropriately and that's your own fault.  So it's my
21 position there is no need for you to bring Mr. McGowan
22 back and continue to --
23             MR. KARLIN:  Mr. McManama.
24             MR. ORDER:  -- to prolong his
25 examination for absolutely no good reason.

```
 1                    MR. GILMORE:  You spent a couple
 2      minutes asking him if he knew how to spell if I
 3      remember correctly.
 4                    MR. KARLIN:  Because he wrote the
 5      letter.  Our positions are out and we'll talk about
 6      this Paul at another time.
 7                    MR. GILMORE:  Right.
 8                    MR. KARLIN:  Off the record.
 9              (Deposition suspended at 5:20 p.m.)
10
11                            _____
12                                    JAMES MCMANAMA
13      Subscribed and sworn to before me
14      this _____ day of _____, 2003.
15
16      _____
17
18
19
20
21
22
23
24
25
```

Spherion Deposition Services
212 490 3430

CERTIFICATE

I hereby certify that I am a Notary Public, in and for the State of Connecticut, duly commissioned and qualified to administer oaths.

I further certify that the deponent named in the foregoing deposition was by me duly sworn, and thereupon testified as appeared in the foregoing deposition; that said deposition was taken by me stenographically in the presence of counsel and reduced to typewriting under my direction, and the foregoing is a true and accurate transcript of the testimony.

I further certify that I am neither of counsel nor attorney to either of the parties to said suit, nor am I an employee of either party to said suit, nor of either counsel in said suit, nor am I interested in the outcome of said cause.

Witness my hand and seal as Notary Public this 27th day of October, 2003.

_____
Barbara L. Murphy, LSR
Notary Public

My Commission Expires:
June 30, 2007

# Updike, Kelly & Spellacy, P.C. — Counselors at Law

Hartford • New Haven • Stamford

One State Street, P.O. Box 231277
Hartford, Connecticut 06123-1277
Telephone (860) 548-2600
Facsimile (860) 548-2680

**MERITAS**
LAW FIRMS WORLDWIDE

Amy Leete Van Dyke
(860) 548-2614
(860) 548-2680 Fax
avandyke@uks.com

October 28, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Jeffrey Karlin, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, D.C. 20037-1922

Re: **Dunkin' Donuts Incorporated, et al. v. 4 Donuts, Inc. et al.**

Dear Jeff:

I write in response to your request to depose James McManama for an additional two (2) hours. Please be advised that Mr. McManama insists upon adhering to Rule 30(d)(2) of the Federal Rules of Civil Procedure providing that a deposition is limited to one day of seven hours, which you have fully utilized. Therefore, on behalf of Mr. McManama, we object to any further continuance of his deposition. Should you feel that it is necessary to obtain leave of court to seek additional time to depose Mr. McManama, please advise us so that we can file an appropriate objection.

I trust that you can appreciate our client's position.

Very truly yours,

Amy Leete Van Dyke

ALV/ks
cc: Paul N. Gilmore, Esq.
    Richard S. Order, Esq. (via facsimile and U.S. mail)

342250

LEXSEE 2001 U.S. DIST. LEXIS 20637

JOHN L. SABRE, et al., Plaintiffs,-against-FIRST DOMINION CAPITAL, LLC, et al., Defendants.

01 Civ. 2145 (BSJ)(HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2001 U.S. Dist. LEXIS 20637; 51 Fed. R. Serv. 3d (Callaghan) 1405*

December 10, 2001, Decided
December 12, 2001, Filed

**LexisNexis (TM) HEADNOTES- Core Concepts:**

**COUNSEL:** [*1] For JOHN L. SABRE, ALEXANDER L. BOLEN, ANDREW H. MARSHAK, MICHAEL A. MONTELEONE, plaintiffs: Thomas M. Campbell, Smith Campbell, L.L.P., New York, NY.

**JUDGES:** HENRY PITMAN, United States Magistrate Judge.

**OPINIONBY:** HENRY PITMAN

**OPINION:**

MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

In correspondence dated November 29, December 3 and December 4, 2001, the parties dispute whether the presumptive seven-hour time limit set forth in Fed.R.Civ.P. 30(d)(2) applies cumulatively to the testimony given by a witness in both his individual capacity and as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) or whether the individual deposition and the 30(b)(6) deposition are subject to independent seven-hour presumptive time limits. For the reasons set forth below, I conclude that the latter interpretation is correct and that the depositions of an individual who is noticed as an individual witness pursuant to Fed.R.Civ.P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) are presumptively subject to independent seven-hour time limits.

Fed.R.Civ.P. 30(d)(2) provides that "unless otherwise authorized by the court or stipulated [*2] by the parties, a deposition is limited to one day of seven hours." The 2000 Advisory Committee Notes to this amendment provide that "for purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity. 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994). The distinct status of a 30(b)(6) deposition is confirmed by the Advisory Committee Notes to the 1993 amendments to the Federal Rules of Civil Procedure which expressly state that for purposes of calculating the number of a depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated. As a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying, [*3] a 30(b)(6) deposition should be subject to its own independent seven-hour limit.

If defendants' interpretation were correct, and a person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching. For example, any entity that wanted to limit the testimony of an individual could accomplish that goal by designating the individual as a 30(b)(6) witness; under defendant's interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge. Conversely, defendants' interpretation would also permit an entity to curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual

  

Case 3:02-cv-01920-MRK    Document 119    Filed 11/06/2003    Page 11 of 11

Page 2

2001 U.S. Dist. LEXIS 20637, *3; 51 Fed. R. Serv. 3d (Callaghan) 1405

and has only one hour left on his or her presumptive seven-hour clock. An interpretation that would lead to such absurd results must be rejected.

This is not to say, however, that the inquiring party has carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many closely held corporations, [*4] the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition. In addition, if the questioning at any deposition becomes repetitive or is otherwise being conducted in an oppressive manner, the aggrieved party can always make application for a protective order.

Accordingly, I conclude that the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit.

Dated: New York, New York

December 10, 2001

SO ORDERED

HENRY PITMAN

United States Magistrate Judge

