UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED and DUNKIN' DONUTS USA, INC., : : Plaintiffs, : : v. : : 4 DONUTS, INC., GRANDO, INC., : GLENN STETZER, KATHLEEN : STETZER, GEORGE GERMANO, : and JAMES MCMANAMA, : : Defendants. : | CIVIL ACTION NO. 3:02 CV 1920 (MRK) NOVEMBER 12, 2003 |

### DEFENDANTS 4 DONUTS, INC., GRANDO, INC., AND GLENN STETZER'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO DEPOSE DEFENDANTS JAMES MCMANAMA AND 4 DONUTS, INC.

Defendants 4 Donuts, Inc. ("4 Donuts"), Grando, Inc. ("Grando"), and Glenn Stetzer (collectively, "defendants") respectfully submit this memorandum in opposition to plaintiffs' Motion for Additional Time to Depose Defendants James McManama and 4 Donuts, Inc. dated November 5, 2003.

Plaintiffs deposed defendant James McManama on October 15, 2003 and served this motion seeking additional time on November 5, 2003, five days after the close of discovery. Although plaintiffs request an accelerated briefing schedule, they served their motion by mail from Washington, D.C. and defendants did not receive it until November 10, 2003.

Plaintiffs' motion should be denied because they are seeking to use Rule 30(b)(6) to increase their time to depose a defendant whose testimony as an individual overlaps significantly his testimony as an officer of a small, closely-held corporation. Because Rule 30(b)(6) was designed to enable parties to conduct discovery of large corporations when they could not identify the corporate personnel with knowledge of certain topics (and, therefore, could not

**ORAL ARGUMENT IS REQUESTED**

AVHCT:10340.1

subpoena them or notice their depositions directly) and because plaintiffs have known Mr. McManama's involvement from the beginning of this action, plaintiffs' attempted use of Rule 30(b)(6) is, under these circumstances, contrary to the purpose of the Rule.

Plaintiffs' technical argument about the interaction between the seven-hour limit on depositions under Rule 30(d)(2) and Rule 30(b)(6) depositions is destroyed by their own contrary position they assumed earlier in the case to shut down the examination of Joseph McGowan, plaintiffs' employee. Just like Mr. McManama, Mr. McGowan's deposition was noticed in his individual capacity and plaintiffs also designated him to testify to topics listed in defendants' Rule 30(b)(6) deposition notice. When defendants completed a day of Mr. McGowan's deposition, plaintiffs agreed to produce him for further examination but for only another half day. At the end of that half day, defendants sought to continue the deposition further but plaintiffs' counsel argued that the Federal Rules did not permit defendants to depose Mr. McGowan for more than seven hours and, therefore, he terminated the deposition.

Also, plaintiffs have invoked Rule 30(b)(6) as an afterthought. At no time during Mr. McManama's deposition did plaintiffs indicate that they were only deposing him in his individual capacity and that they intended to conduct a second Rule 30(b)(6) deposition at a later date. Instead, during Mr. McManama's deposition, plaintiffs questioned him on both individual and Rule 30(b)(6) topics, and only when the deposition ended did plaintiffs invoke Rule 30(b)(6) as a justification for additional time.

Plaintiffs' motion also seeks additional time where none is necessary. Mr. McManama's testimony as an individual and as a corporate designee under Rule 30(b)(6) are largely identical. Plaintiffs do not even disclose what topics they still need to explore with Mr. McManama. If plaintiffs feel that they need more time to question Mr. McManama, it is only because they did

not utilize their seven hours efficiently, as they accused defendants' counsel of doing with respect to Mr. McGowan's deposition.

## ARGUMENT

### POINT I

### PLAINTIFFS' MOTION DEFEATS THE PURPOSE OF THE RULES AND SUBJECTS DEFENDANTS TO UNFAIR BURDENS AND COSTS

Because Mr. McManama is one of only two defendants in this case with knowledge of defendants' business and was, therefore, well-known to plaintiffs before this lawsuit began, the purposes of Rules 30(b)(6) and 30(d)(2) are not well-served by allowing plaintiffs further time to depose him.

The purpose of Rule 30(d)(2) was to limit depositions to a less onerous seven hours. See 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2104.1 (Supp. 2003) (citing the "potential for harassment of witnesses"). The purpose of Rule 30(b)(6) was to allow parties to question individuals at large corporations about certain topics where the names of the individuals having knowledge of those topics were unknown. Id. at § 2103 (2d ed. 1994).

In the present case, plaintiffs had full knowledge of defendants Glenn Stetzer's and James McManama's roles in the franchises and positions at 4 Donuts. Furthermore, they knew from working with defendants that Anthony Citerella had been the accountant for the franchises for years. Plaintiffs, therefore, did not need to notice a Rule 30(b)(6) deposition at all because they already knew the universe of possible designees. Furthermore, four of the Rule 30(b)(6) topics expressly refer to Mr. McManama by name. It should have come as no surprise to plaintiffs, therefore, that defendants designated Mr. McManama on half of the topics because plaintiffs have been working with him for years. It is clear, then, that plaintiffs served a Rule 30(b)(6)

3

notice simply as a mechanism to obtain additional time to depose Mr. Stetzer, Mr. McManama, and/or Mr. Citerella beyond the seven-hour limit of Rule 30(d)(2).

The subversion of Rule 30(b)(6) in this manner opens the door for large corporations, such as plaintiffs, to abuse small corporations and individuals, like defendants. Under plaintiffs' logic, the officers of small corporate defendants, who are the only ones who can testify about the business, will always be exposed to 14 hours of depositions.[1] Even the district court in Sabre v. First Dominion Capital, LLC, 2001 U.S. Dist. LEXIS 20637 (S.D.N.Y. 2001), the only case on which plaintiffs rely, acknowledged this:

> This is not to say, however, that the inquiring party has carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity.

Id. at *3-4. Plaintiffs' attempts to gain more time using Rule 30(b)(6) should be especially disfavored here because the substance of Mr. McManama's testimony as a Rule 30(b)(6) designee and as an individual are substantially identical.

By contrast, large corporations such as plaintiffs usually do not face this burden because they have a host of unknown personnel who can testify regarding Rule 30(b)(6) topics, thereby sparing senior management from the burden of double depositions.

Indeed, plaintiffs cite Sabre for the proposition that "[t]he seven-hour rule should not be used by parties to gain an unfair advantage with respect to key witnesses . . . ." Plaintiffs Brief at 5-6. Here, however, plaintiffs are the parties who have used the seven-hour rule to gain an unfair

---

[1] Plaintiffs' contention that they are seeking only three additional hours of deposition and not a full seven hours is misleading. Plaintiffs Brief at 5. Because plaintiffs questioned Glenn Stetzer, who was also a Rule 30(b)(6) designee, for an additional three and a half hours on October 14, 2003, plaintiffs are actually seeking a full seven-hour day for a Rule 30(b)(6) deposition.

advantage, first in connection with the deposition of Joseph McGowan and now in connection with the deposition of Mr. McManama.

Just like Mr. McManama, Mr. McGowan's deposition was noticed in his individual capacity and plaintiffs also designated him to testify as to topics listed in defendants' Rule 30(b)(6) deposition notice. See Defendants 4 Donuts, Inc., Grando, Inc., and Glenn Stetzer's Notice of Deposition dated June 12, 2003, a copy of which is attached as **Exhibit A**, and Letter dated July 15, 2003 from Jeffrey L. Karlin, Esq. to Richard S. Order, Esq., a copy of which is attached as **Exhibit B**. As it turned out, Mr. McGowan, a Loss Prevention Consultant in plaintiffs' employ, was the person who instigated and ran the investigation on which plaintiffs claim they based the franchise termination at issue in this action. Clearly, Mr. McGowan is a key witness for plaintiffs.

When defendants completed a day of Mr. McGowan's deposition on July 30, 2003, plaintiffs agreed to produce him for further examination but for only another half day. At the end of that half day, defendants sought to continue the deposition further but plaintiffs' counsel argued that the Federal Rules did not permit defendants to depose Mr. McGowan for more than seven hours and, therefore, plaintiffs' counsel terminated the deposition:

> MR. ORDER: Well, I think I can finish, but I will be running and not going through everything the way I'd like to, but I think I can get the essence done by 5:30.

> \*       \*       \*

> MR. KARLIN: Well, if we get done – excuse me. If we reach 5:30, then we're in agreement we're not going to bring him back?

> MR. ORDER: We're not in agreement we won't bring him back. I'm in agreement, if you want, we won't go any further today, but I'm nearing the end. But I just – I need some more time to get to the end.

> \*       \*       \*

5

>MR. KARLIN: I will do this: I will allow him only under the agreement that this then ends the deposition. If that's not the case, then let's shut down now.
>
>MR. ORDER: Well, I'm not going to agree that it ends the deposition. I'm going to give you – I'm giving you my best good faith estimate that by 5:30 I can be satisfied that that would be enough, but I can't be absolutely sure. I can't tell right now what he's going to answer.
>
>\*        \*        \*
>
>MR. KARLIN: Again, that's my offer. If you agree to end the deposition at that point, I'll allow you to continue, you know, go through and authenticate the documents and finish by 5:30; otherwise, **he's been here for more than enough time in terms of the federal rules.**
>
>\*        \*        \*
>
>MR. KARLIN: Exactly. Again, my position is that if you ended at 5:30, we'll allow you to go; otherwise, **we're way beyond the time and, under the federal rules unless you get a court order prior to or afterward, I suppose, or we stipulate to it, you can't go over seven hours.**
>
>MR. ORDER: **Well, we're getting to a pretty crucial part of your case.**
>
>MR. KARLIN: **But you chose to bring this up at this point.**
>
>MR. ORDER: It's chronological.
>
>MR. KARLIN: **Why you chose to bring it up at this point and just because you chose to bring it up at this point, doesn't allow to the extent that if it was so crucial, and is a crucial part of the case, you should have brought it up first.**

Deposition of Joseph McGowan at 394-97 (emphasis added), a copy of which is attached as **Exhibit C**.

The deposition resumed for twenty minutes, and then Attorney Karlin terminated the deposition by directing Mr. McGowan not to answer a pending question. Id. at 415-16.

Thus, plaintiffs are trying to eat their cake and have it, too. They used the seven-hour limitation of Rule 30(d)(2) to shut down any questioning of Mr. McGowan, who was being

deposed in his individual capacity and as a Rule 30(b)(6) designee, beyond a day and a half. Defendants have not deposed any of plaintiffs' other Rule 30(b)(6) designees beyond their seven-hour depositions as individuals. Thus, according to plaintiffs' current argument, plaintiffs were wrong to claim at Mr. McGowan's deposition that the Federal Rules prohibited further deposition of Mr. McGowan because defendants had another half day available to complete their Rule 30(b)(6) deposition.

Now that it is expedient, plaintiffs have reversed themselves to argue that they are entitled to three more hours (although that has expanded from one hour, McManama Depo. at 318, Ex. 6 to plaintiffs' brief) to depose Mr. McManama.

In all fairness, the Court should not permit further examination of Mr. McManama. Defendants took the individual and Rule 30(b)(6) depositions of three of the four Rule 30(b)(6) designees of the plaintiffs in less than one day each and took the deposition of the fourth, Mr. McGowan, in a day and a half because plaintiffs refused to produce him again. Likewise, plaintiffs took the individual and Rule 30(b)(6) depositions of two of the three Rule 30(b)(6) designees of the defendants in one day each and took the deposition of the third, Mr. Stetzer, in a day and a half. As it stands now, the parties have taken the same amount of time beyond the seven-hour limit, namely half a day, for their Rule 30(b)(6) depositions. Plaintiffs should not be rewarded with more time.

## POINT II

## PLAINTIFFS ARE USING RULE 30(b)(6) AS AN AFTER-THE-FACT PRETEXT

Plaintiffs' motion must be denied because plaintiffs are using Rule 30(b)(6) as an after-the-fact pretext to conduct additional discovery of James McManama beyond the seven-hour

7

limit of Rule 30(d)(2).[2] At no time during Mr. McManama's deposition did plaintiffs indicate that his deposition that day was only in his individual capacity. In fact, plaintiffs reviewed the topics that Mr. McManama was designated to answer in the Rule 30(b)(6) notice at the beginning of the deposition and asked if he was prepared to testify to those topics. See Deposition of James McManama at 19-21, a copy of which is attached hereto as **Exhibit D**. Plaintiffs then questioned him on topics outlined in the Rule 30(b)(6) deposition notice and as an individual. Only 300 pages later at the end of the deposition did plaintiffs cite to Rule 30(b)(6) as a justification for additional time.

If plaintiffs' had truly been operating under the assumption that they were entitled to depose Mr. McManama once as an individual and then again separately as a Rule 30(b)(6) deponent, they should have made this clear at the beginning of his deposition and they should have specified whether the deposition of October 15th was of Mr. McManama as an individual, as a designee of 4 Donuts, Inc., or both.

Indeed, plaintiffs state that "the parties compromised and agreed" that another defendant, Glenn Stetzer, and a third-party witness, Anthony Citerella, would give their Rule 30(b)(6) and individual testimony in the same deposition. Plaintiffs Brief at 7. The fact that plaintiffs felt the need to make such agreements with those deponents shows that they recognized the practical issue of taking the deposition of the same individual wearing two hats. Apparently, however, plaintiffs made no such arrangement with Mr. McManama's counsel. Consequently, it was

---

[2] Plaintiffs mistakenly argue that Mr. McManama's deposition was improperly terminated in violation of Rule 30(d)(4). On the contrary, since plaintiffs improperly attempted to prolong the deposition beyond the seven-hour limit of Rule 30(d)(2), the burden was on plaintiffs to obtain a court order to continue the deposition and not on Mr. McManama to obtain a court order to terminate it.

imperative for the plaintiffs to specify the nature of his deposition at the beginning of the proceedings, not as an afterthought when time ran out.

Plaintiffs also argue that because they had made an arrangement to take additional time with defendant Glenn Stetzer, they should be afforded the same privilege with Mr. McManama. Plaintiffs Brief at 7. But the fact that plaintiffs made an arrangement regarding additional time with counsel for Mr. Stetzer is irrelevant because Mr. Stetzer is a different defendant represented by different counsel and arrangements his counsel makes with plaintiffs are not binding on Mr. McManama.

Furthermore, plaintiffs argue that they should receive additional time because during the depositions of Glenn Stetzer and Anthony Citerella: "No objection was ever raised by Defendants' counsel to this practice with respect to those witnesses." Plaintiffs Brief at 7. This argument is ludicrous given that plaintiffs contend that "the parties compromised and agreed" to the arrangements for the depositions of Mr. Stetzer and Mr. Citerella, who, as a non-party, was represented by his own, independent counsel. Plaintiffs Brief at 7.

## POINT III

## PLAINTIFFS SHOULD NOT BE REWARDED FOR INEFFICIENCY

The court in Sabre recognized that there are circumstances where a second deposition should not be allowed, such as when questioning at a deposition is "repetitive" or "improper." Id. at *4. Here, plaintiffs had seven hours to depose Mr. McManama. This was more than enough time to conduct all their inquiries. Plaintiffs do not even inform the Court or the defendants of the topics they failed to cover in seven hours that they still need three hours to explore. If plaintiffs somehow neglected to pose some of their questions, that is a fault of their own making and defendants should not as a result be subjected to the cost and harassment of an

additional deposition. After all, plaintiffs' counsel accused defendants' counsel of failing to pose crucial lines of questioning earlier in Mr. McGowan's deposition. McGowan Depo. 396-97.

This motion is just another prong in plaintiffs' war-of-attrition strategy to drive defendants into submission. Depositions of high-ranking individuals in far more complex cases have been conducted in seven hours and it is unbelievable to think that denying plaintiffs an additional three hours will be "significantly prejudicial" as plaintiffs claim, especially given the mountains of discovery that have already taken place in this case. In fact, at this point, defendants have taken 12 depositions, which is two more than the limit of ten under Rule 30(a)(2). While defendants consented to plaintiffs' request to take the two additional depositions in the final week of discovery, defendants can no longer accommodate plaintiffs' attempt to keep discovery going.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Additional Time to Depose Defendants James McManama and 4 Donuts, Inc.

```
                              DEFENDANTS,
                              4 DONUTS, INC., GRANDO, INC., and
                              GLENN STETZER


                         By:  /s/ Richard S. Order
                              Richard S. Order (ct 02761)
                              Eric L. Palmquist (ct 24166)
                              AXINN, VELTROP & HARKRIDER LLP
                              90 State House Square
                              Hartford, CT  06103-3702
                              Telephone:  860-275-8100
                              Facsimile:  860-275-8101
                              Email:   rso@avhlaw.com
```

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing has been sent via first-class U.S. mail, postage prepaid, this 12th day of November, 2003 to:

Robert L. Zisk, Esq.
Jeffrey L. Karlin, Esq.
Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, DC  20037-1922
**(BY FAX)**

Paul D. Sanson, Esq.
Alexandra M. McHugh, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT  06103-2819

Robert K. Walsh, Esq.
Law Offices of Robert K. Walsh LLC
193 State Street
P.O. Box 777
North Haven, CT  06473-0777

Paul N. Gilmore, Esq.
Brad N. Mondschein, Esq.
Amy Leete Van Dyke, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT  06123-1277
**(BY FAX)**

                                 By:  /s/ Eric L. Palmquist
                                    Eric L. Palmquist, Esq.
                                    Axinn, Veltrop & Harkrider LLP