UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED and DUNKIN' DONUTS USA, INC., : : Plaintiffs, : : v. : : 4 DONUTS, INC., GRANDO, INC., : GLENN STETZER, KATHLEEN : STETZER, GEORGE GERMANO, : and JAMES MCMANAMA, : : Defendants. : | CIVIL ACTION NO. 3:02 CV 1920 (MRK) NOVEMBER 19, 2003 |

## DEFENDANTS 4 DONUTS, INC., GRANDO, INC., AND GLENN STETZER'S MOTION TO STRIKE CERTIFICATION OF CHRISTOPHER M. LOVELAND

Defendants 4 Donuts, Inc. ("4 Donuts"), Grando, Inc. ("Grando"), and Glenn Stetzer (collectively, "defendants") respectfully move to strike the Certification of Christopher M. Loveland dated November 10, 2003, attached as Exhibit 6 to Plaintiff Dunkin' Donuts Incorporated's Reply to Defendants' Opposition to Plaintiff's Motion for Leave to File an Amended Complaint dated November 10, 2003.

Defendants move to strike the certification on the grounds that it contains hearsay and is based on the reports of certain private investigators that plaintiffs have refused to produce in response to defendants' document requests.

**ORAL ARGUMENT IS REQUESTED**

2

DEFENDANTS,
4 DONUTS, INC., GRANDO, INC., and
GLENN STETZER


By: /s/
Richard S. Order (ct 02761)
Eric L. Palmquist (ct 24166)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103-3702
Telephone:  860-275-8100
Facsimile:  860-275-8101
Email:      rso@avhlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing has been sent via first-class U.S. mail, postage prepaid, this 19th day of November, 2003 to:

Robert L. Zisk, Esq.
Jeffrey L. Karlin, Esq.
Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, DC  20037-1922

Paul D. Sanson, Esq.
Alexandra M. McHugh, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT  06103-2819

Robert K. Walsh, Esq.
Law Offices of Robert K. Walsh LLC
193 State Street
P.O. Box 777
North Haven, CT  06473-0777

Paul N. Gilmore, Esq.
Brad N. Mondschein, Esq.
Amy Leete Van Dyke, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT  06123-1277

                                                     By: /s/_____
                                                          Eric L. Palmquist, Esq.
                                                          Axinn, Veltrop & Harkrider LLP

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED and DUNKIN' DONUTS USA, INC., : : Plaintiffs, : : v. : : 4 DONUTS, INC., GRANDO, INC., GLENN STETZER, KATHLEEN STETZER, GEORGE GERMANO, and JAMES MCMANAMA, : : : : : Defendants. : | CIVIL ACTION NO. 3:02 CV 1920 (MRK) NOVEMBER 19, 2003 |

### DEFENDANTS 4 DONUTS, INC., GRANDO, INC., AND GLENN STETZER'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE CERTIFICATION OF CHRISTOPHER M. LOVELAND

Defendants 4 Donuts, Inc. ("4 Donuts"), Grando, Inc. ("Grando"), and Glenn Stetzer (collectively, "defendants") respectfully submit this memorandum in support of their motion to strike the Certification of Christopher M. Loveland dated November 10, 2003, attached as Exhibit 6 to Plaintiff Dunkin' Donuts Incorporated's Reply to Defendants' Opposition to Plaintiff's Motion for Leave to File an Amended Complaint dated November 10, 2003. Defendants move to strike the certification on the grounds that it contains hearsay and is based on the reports of certain private investigators that plaintiffs have refused to produce in response to defendants' document requests.

### BACKGROUND

On October 3, 2003, plaintiffs filed their Motion for Leave to File Their First Amended Complaint. Defendants filed an Opposition to the motion dated October 23, 2003. On November 10, 2003, three days after the 10-day period for the filing of reply briefs, plaintiffs

served their Reply with a Certification by Christopher Loveland, Esq., one of plaintiffs' counsel, attached as Exhibit 6.

On October 1, 2003, two days prior to plaintiffs' motion to amend, defendants served plaintiffs with a Fourth Request for Production of Documents Directed to Plaintiffs, a copy of which is attached as **Exhibit A**. Defendants requested:

> 1. Each document, including photographs and reports, that refers to, relates to, or reflects any surveillance conducted of defendants or defendants' operations from September 21, 2002 to the present.
>
> 2. Each document that refers to, relates to, or reflects any work performed by any private investigator engaged by plaintiff to investigate any defendant.

On November 3, 2003, three days after the response deadline, plaintiffs objected to each of these requests, contending they called for "documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs' Responses to Defendants' Fourth Request for Production of Documents dated November 3, 2003, a copy of which is attached hereto as **Exhibit B**. Plaintiffs further stated that they would only produce the documents "if the Court grants Dunkin's motion for leave to file its amended complaint." Id.

One week after refusing to produce these documents, plaintiffs filed their Reply to Defendants' Opposition to Plaintiffs' Motion For Leave to File An Amended Complaint, attaching as Exhibit 6 the Certification of Christopher Loveland.

## ARGUMENT

The certification must be stricken for two reasons. First, it is undoubtedly hearsay because Mr. Loveland is testifying as to what the report of an unnamed private investigator stated. Second, the certification relies on the reports of private investigators when plaintiffs refused to produce those reports just a week earlier, claiming that they were irrelevant.

10403

2

# POINT I

## THE CERTIFICATION CONTAINS HEARSAY

Rule 801(c) of the Federal Rules of Evidence states: "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802 of the Federal Rules of Evidence states that hearsay is not admissible.

Similarly, information contained in sworn statements cannot be based on hearsay. See, e.g., Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

Paragraph No. 3 of Mr. Loveland's certification states:

> Dunkin' Donuts hired an investigator to conduct surveillance on Defendants' State Street shop to determine whether Defendants were delivering doughnuts to Aromas Coffee and Bake Shop. Surveillance was conducted at Defendants' shop on September 17, 2003. On September 18, 2003, the investigator provided Dunkin' Donuts with a report that stated that he observed doughnuts being delivered from Defendants' State Street shop to Aromas Coffee and Bake Shop.

This paragraph describes the contents of a report of a private investigator hired by plaintiffs. Mr. Loveland makes his statement to prove the truth of the matter asserted in the private investigator's report. The private investigator's report, however, is not submitted in evidence. Because Mr. Loveland's certification is a statement purporting to summarize someone else's extra-judicial statement to prove the truth of the matter asserted in the private investigator's report, it is hearsay and must be stricken.

In addition, in paragraph No. 4 of the Certification, Mr. Loveland states: "Dunkin' has recently obtained information that the equipment installed and used at Aromas was supplied by 4

10403                                    3

Donuts, Inc., including cash registers, toasters and coffee brewers." Mr. Loveland does not even identify the source of this information. Because Mr. Loveland is making his statement to prove the truth of the matter asserted by this unidentified source in an extra-judicial statement, Mr. Loveland's statement is hearsay and must be stricken.

## POINT II

### THE CERTIFICATION DIVULGES THE CONTENTS OF DOCUMENTS PLAINTIFF HAS REFUSED TO PRODUCE

The certification must also be stricken because it is based entirely on information from documents that plaintiffs have asserted are irrelevant and have refused to produce to defendants. Because the plaintiffs refused to produce any documents related to surveillance of the defendants or the work of private investigators, plaintiffs should be precluded in all fairness from relying on information contained in those documents to support their motion to amend their complaint. The Court should not permit plaintiffs to use as a sword documents they shielded from discovery. See, e.g., Rule 37(b)(2)(B), 37(c)(1).

Plaintiffs refused to produce the requested information because plaintiffs claimed that such information was irrelevant. This contention cannot be reconciled with plaintiffs' reliance on this information to support their motion to amend their complaint. If the information is irrelevant as plaintiffs' claim, then the entirety of the certification is likewise irrelevant and should be stricken. If the information is relevant, then plaintiffs' objections to defendants' request for documents has no merit and the Court should order the documents produced immediately.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court strike the certification of Christopher Loveland attached as Exhibit 6 to plaintiffs' reply brief.

>DEFENDANTS,
>4 DONUTS, INC., GRANDO, INC., and
>GLENN STETZER
>
>By:  /s/ _____
>Richard S. Order (ct 02761)
>Eric L. Palmquist (ct 24166)
>AXINN, VELTROP & HARKRIDER LLP
>90 State House Square
>Hartford, CT  06103-3702
>Telephone:  860-275-8100
>Facsimile:  860-275-8101
>Email:    rso@avhlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing has been sent via first-class U.S. mail, postage prepaid, this 19th day of November, 2003 to:

Robert L. Zisk, Esq.
Jeffrey L. Karlin, Esq.
Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, DC  20037-1922

Paul D. Sanson, Esq.
Alexandra M. McHugh, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT  06103-2819

Robert K. Walsh, Esq.
Law Offices of Robert K. Walsh LLC
193 State Street
P.O. Box 777
North Haven, CT  06473-0777

Paul N. Gilmore, Esq.
Brad N. Mondschein, Esq.
Amy Leete Van Dyke, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT  06123-1277

By: /s/ _____
    Eric L. Palmquist, Esq.
    Axinn, Veltrop & Harkrider LLP