# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED and DUNKIN' DONUTS USA, INC., : : : | CIVIL ACTION NO. 3:02 CV 1920 (MRK) |
| Plaintiffs, : : | |
| v. : : | |
| 4 DONUTS, INC., GRANDO, INC., GLENN STETZER, KATHLEEN STETZER, GEORGE GERMANO, and JAMES MCMANAMA, : : : : : | OCTOBER 1, 2003 |
| Defendants. : | |

## DEFENDANTS 4 DONUTS, INC., GRANDO, INC., AND GLENN STETZER'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFFS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants 4 Donuts, Inc. ("4 Donuts"), Grando, Inc. ("Grando"), and Glenn Stetzer (collectively, "defendants") hereby request that plaintiffs Dunkin' Donuts Incorporated and Dunkin' Donuts USA, Inc. (collectively, "plaintiffs") produce the following documents within thirty (30) days of service of this Fourth Request for Production of Documents.

### DEFINITIONS AND INSTRUCTIONS

1.  If you claim that this request for production calls for material or information within the scope of the attorney-client privilege or attorney work product doctrine or is otherwise protected from discovery, then, with respect to such material or information, identify (a) the author or speaker, (b) all persons to whom the communication was made, (c) the date of such communication, (d) the general subject matter of such communication, (e) the type of communication, and (f) the privilege or doctrine invoked and respond in full with respect to other

AVHCT:10029.1

information or material called for by the request for production that is not claimed to be protected from discovery.

2. If you claim this request for production is overly broad, respond in full to the extent that you concede some responsive information is properly requested and state the respect in which you claim that, insofar as the request calls for additional information, it is overly broad.

3. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this request for production is continuing and requires supplemental production if you obtain or discover further information or documentation with respect to same between the date your documents are served and the time of trial.

4. As used in this request for production, the term "document" has the meaning and scope of the term as used in Rule 34 of the Federal Rules of Civil Procedure and includes all originals (or copies where originals are unavailable), and non-identical copies including partial and preliminary drafts or versions of all written, recorded, or graphic matter, however produced or reproduced, or correspondence, telegrams, or sound recordings of any type of conversation, meeting, or conference, minutes of meetings, memoranda, interoffice communications, analyses, reports, summaries, and results of investigations and tests, reviews, contracts, proposals, agreements, working papers, binders, insurance policies, bonds, statistical records, ledgers, books of account, invoices, receipts, computer data, websites, electronic mail, stenographers, notebooks, daily or weekly logs, payroll data, work assignment data, schedules, budgets, cash flow analyses, manuals, directives, bulletins, desk calendars, appointment books, diaries, photographs, drawings or other graphic representations, plans, specifications, shop drawings, calculations, logs, investigator's reports, or papers similar to any of the foregoing, however labeled.

5.      Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed to include the feminine as is necessary to bring within the scope of this request for production any and all documents that might otherwise be construed as outside their scope.

6.      The term "and" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of this request for production any and all documents that might otherwise be construed as outside their scope.

7.      The terms "refer to," "relate to," and "reflect" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or pertaining to.

8.      Solely for purposes of this discovery request, the term "defendants" refers collectively to 4 Donuts, Inc., Grando, Inc. and Glenn Stetzer.

9.      The terms "franchises" refers to the shops located at: 200 Sargent Drive, New Haven, Connecticut; 87 Frontage Road, East Haven, Connecticut; 291 Ferry Street, New Haven, Connecticut; 66 York Street, New Haven, Connecticut; 1950 State Street, Hamden, Connecticut; and 475 Forbes Avenue, New Haven, Connecticut.

## REQUEST FOR PRODUCTION

1. Each document, including photographs and reports, that refers to, relates to, or reflects any surveillance conducted of defendants or defendants' operations from September 21, 2002 to the present.

**RESPONSE:**




2. Each document that refers to, relates to, or reflects any work performed by any private investigator engaged by plaintiff to investigate any defendant.

**RESPONSE:**




                            DEFENDANTS,
                            4 DONUTS, INC., GRANDO, INC., and
                            GLENN STETZER

By: _____
       Richard S. Order (ct 02761)
       Eric L. Palmquist (ct 24166)
       AXINN, VELTROP & HARKRIDER LLP
       90 State House Square
       Hartford, CT  06103-3702
       Telephone:   860-275-8100
       Facsimile:    860-275-8101
       Email:         rso@avhlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing has been sent via first-class U.S. mail, postage prepaid, this 1st day of October, 2003 to:

Robert L. Zisk, Esq.
Jeffrey L. Karlin, Esq.
Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, DC 20037-1922
(via facsimile)

Robert K. Walsh, Esq.
Law Offices of Robert K. Walsh LLC
193 State Street
P.O. Box 777
North Haven, CT 06473-0777

Paul N. Gilmore, Esq.
Brad N. Mondschein, Esq.
Amy Leete Van Dyke, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

<u>Via Hand Delivery on October 1, 2003 to:</u>
Paul D. Sanson, Esq.
Alexandra M. McHugh, Esq.
Derek L. Mogck, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819

By: _____
Eric L. Palmquist, Esq.
Axinn, Veltrop & Harkrider LLP