# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED,<br>  a Delaware corporation, and<br>DUNKIN' DONUTS USA, INC.,<br>  a Michigan corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>4 DONUTS, INC.,<br>  a Connecticut corporation,<br>GRANDO, INC.,<br>  a Connecticut corporation,<br>GLENN STETZER,<br>KATHLEEN STETZER,<br>GEORGE GERMANO, and<br>JAMES MCMANAMA<br><br>                Defendants. | C.A. No. 302 CV 1920 (MRK)<br><br><br><br>NOVEMBER 3, 2003 |

**PLAINTIFFS' RESPONSES TO DEFENDANTS'**
**<u>FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiffs Dunkin' Donuts Incorporated and Dunkin' Donuts USA, Inc. (collectively hereinafter "Dunkin'" or "Dunkin' Donuts") respond to the Fourth Request for Production of Documents served by Defendants 4 Donuts, Inc., Grando, Inc. and Glenn Stetzer (hereinafter "Defendants") as follows:

**<u>INTRODUCTORY STATEMENTS AND GENERAL OBJECTIONS</u>**

1. Dunkin' Donuts objects to Defendants' Document Requests to the extent that the Requests seek to impose requirements or obligations on Dunkin' in addition to or different from those imposed by the Federal Rules. In responding to each Request, Dunkin' will respond by providing only such documents as may be required and proper under the Federal Rules.

2. Dunkin' objects to Defendants' Requests to the extent that the Requests seek

information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these objections is intended to, or in any way shall be deemed, a waiver of any such available privilege or doctrine. In responding to each Request, Dunkin' will not provide privileged or otherwise protected information.

3. The foregoing objections and limitations shall be applicable to, and included in, Dunkin's response to every Request propounded by Defendants.

### Requests for Production of Documents

Subject to, and without waiver of, the foregoing general statements and objections, Dunkin' answers the specific requests for the production of documents as follows:

1. Each document, including photographs and reports, that refers to, relates to, or reflects any surveillance conducted of defendants or defendants' operations from September 21, 2002 to the present.

**RESPONSE:** Dunkin' objects to this request on the grounds that it requests documents that are subject to the attorney-client privilege and the work product doctrine. Dunkin' also objects to this Request on the grounds that it calls for documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Further objecting, Defendants' requests were served too late since this response was due on November 3, 2003, after the close of discovery. Subject to and without waiving these objections, Dunkin' states that any surveillance conducted after September 21, 2003 was regarding the delivery of product to Aromas Coffee and Bake Shop and will be produced if the Court grants Dunkin's motion for leave to file its amended complaint.

2.   Each document that refers to, relates to, or reflects any work performed by any private investigator engaged by plaintiff to investigate any defendant.

**RESPONSE:** Dunkin' objects to this request on the grounds that it requests documents that are subject to the attorney-client privilege and the work product doctrine. Dunkin' also objects to this Request on the grounds that it calls for documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Further objecting, Defendants' requests were served too late since this response was due on November 3, 2003, after the close of discovery. Subject to and without waiving these objections, Dunkin' states that responsive documents have been produced. Dunkin' also states that any surveillance conducted regarding the delivery of product to Aromas Coffee and bake Shop and will be produced if the Court grants Dunkin's motion for leave to file its amended complaint.

                        Respectfully submitted,

                        */s/ signature*

                        Robert L. Zisk ct 13503
                        Jeffrey L. Karlin ct 14965
                        Christopher M. Loveland ct 24169
                        SCHMELTZER, APTAKER & SHEPARD, P.C.
                        2600 Virginia Avenue, N.W.
                        Suite 1000
                        Washington, D.C. 20037
                        (202) 333-8800

                        Paul D. Sanson ct 05477
                        Alexandra M. McHugh ct 22428
                        SHIPMAN & GOODWIN LLP
                        One American Row
                        Hartford, CT 06103-2819
                        (860) 251-5612

                        Attorneys for Plaintiffs
                        Dunkin' Donuts Incorporated,
Dated: November 3, 2003          Dunkin' Donuts USA, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiffs' responses to Defendants' fourth request for production of documents were served by first class mail upon counsel for Defendants at the addresses listed below on this 3rd day of November 2003:

Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Robert K. Walsh, Esq.
The Law Offices of Robert K. Walsh
193 State Street
P.O. Box 777
New Haven, CT 06473

Christopher M. Loveland