## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUNKIN' DONUTS INCORPORATED and<br>DUNKIN' DONUTS USA, INC., | ) ) | CIVIL ACTION NO. |
| | ) | 3:02 CV 1920 (MRK) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 4 DONUTS, INC., | ) | |
| GRANDO, INC., | ) | |
| GLENN STETZER, | ) | |
| KATHLEEN STETZER, | ) | |
| GEORGE GERMANO, and | ) | |
| JAMES MCMANAMA, | ) | |
| | ) | |
| Defendants. | ) | DECEMBER 5, 2003 |

## DEFENDANTS JAMES MCMANAMA AND GEORGE GERMANO'S MOTION
## TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY
## ANSWERS

Defendants James McManama and George Germano (collectively, "defendants")

respectfully submit this motion to compel plaintiffs Dunkin' Donuts Incorporated and

Dunkin' Donuts USA, Inc. to answer Interrogatory Nos. 1 and 3 and produce documents

in response to Request No. 3 of these defendants' Second Set of Interrogatories and

Second Request for Production of Documents dated August 11, 2003. Defendants join

and incorporate by reference all of the arguments set forth in Defendants 4 Donuts, Inc.,

346019

Grando, Inc., and Glenn Stetzer's Motion to Compel Production of Documents and Interrogatory Answers dated October 28, 2003.

Pursuant to Local Rule 37(a)(2), defendants have attached the declaration of Amy Leete Van Dyke, Esq. stating that Attorney Van Dyke conferred with plaintiffs' counsel, Christopher M. Loveland, Esq., regarding discovery matters in a good faith effort to resolve the disputes, but that the parties were unable to resolve all the issues. The issues that are the subject of this motion, therefore, remain unresolved.

DEFENDANTS,
JAMES MCMANAMA AND
GEORGE GERMANO

By: _____
Paul N. Gilmore, Esq.
Federal Bar Number CT03347
Brad N. Mondschein, Esq.
Federal Bar Number CT13800
Amy Leete Van Dyke, Esq.
Federal Bar Number CT23181
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123-1277
Tel. (860) 548-2600

346019

2

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing has been sent U.S. mail,

postage prepaid, this 5th day of December 2003, to the following counsel of record:

Robert L. Zisk, Esq.
Jeffrey L. Karlin, Esq.
Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, D.C. 20037-1922

Paul D. Sanson, Esq.
Alexandra M. McHugh, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819

Robert K. Walsh, Esq.
Law Offices of Robert K. Walsh LLC
193 State Street, P.O. Box 777
North Haven, CT 06473-0777

Richard S. Order, Esq.
Eric Palmquist, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

By: _____
Amy Leete Van Dyke, Esq.
Updike, Kelly & Spellacy, P.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DUNKIN' DONUTS INCORPORATED and DUNKIN' DONUTS USA, INC.,       ) ) ) | CIVIL ACTION NO. 3:02 CV 1920 (MRK) |

DUNKIN' DONUTS INCORPORATED and
DUNKIN' DONUTS USA, INC.,                    )            CIVIL ACTION NO.
                                             )            3:02 CV 1920 (MRK)
                Plaintiffs,                  )
                                             )
        v.                                   )
                                             )
4 DONUTS, INC.,                              )
GRANDO, INC.,                                )
GLENN STETZER,                               )
KATHLEEN STETZER,                            )
GEORGE GERMANO, and                          )
JAMES MCMANAMA,                              )
                                             )
                Defendants.                  )            DECEMBER 5, 2003

### DECLARATION OF AMY LEETE VAN DYKE, ESQ. PURSUANT TO LOCAL CIVIL RULE 37 CONCERNING DEFENDANTS' MOTION TO COMPEL

I, AMY LEETE VAN DYKE, ESQ., being over eighteen years of age, hereby declare as follows:

1.      I am an associate in the law firm of Updike, Kelly & Spellacy, P.C., counsel for defendants James McManama and George Germano, and submit this declaration in support of these defendants' motion to compel plaintiffs Dunkin' Donuts Incorporated and Dunkin' Donuts USA, Inc. to answer Interrogatory Nos. 1 and 3 and produce documents in response to Request No. 3 of these defendants' Second Set of

4

Interrogatories and Second Request for Production of Documents dated August 11, 2003. A copy of plaintiffs' responses and objections to defendants' interrogatories and document requests are attached as Exhibits A and B, respectively.

2.    Pursuant to Local Rule 37(a)(2), I have consulted with Christopher Loveland, Esq., counsel for plaintiffs, regarding the interrogatories and document requests at issue in defendants' motion to compel. On October 28, 2003, I wrote to Attorney Loveland explaining my concerns and stating that I was writing in accordance with Federal Rule 37 and Local Rule 37(a)(2). A copy of this letter is attached as Exhibit C.

3.    On October 30, 2003, I received a response from Attorney Loveland in which he disagreed with defendants' position. Thus, the issues that are the subject of this motion are unresolved. A copy of this letter is attached as Exhibit D.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of December, 2003.

_____
AMY LEETE VAN DYKE, ESQ.

Exhibit A

RECYCLED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED,<br>　a Delaware corporation, and<br>DUNKIN' DONUTS USA, INC.,<br>　a Michigan corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>4 DONUTS, INC.,<br>　a Connecticut corporation,<br>GRANDO, INC.,<br>　a Connecticut corporation,<br>GLENN STETZER,<br>KATHLEEN STETZER,<br>GEORGE GERMANO, and<br>JAMES MCMANAMA<br><br>　　　　　　　Defendants. | C.A. No. 302 CV 1920 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br>SEPTEMBER 9, 2003 |

## PLAINTIFF DUNKIN' DONUTS INCORPORATED'S ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Dunkin' Donuts Incorporated (hereinafter "Dunkin'" or "Dunkin' Donuts) responds to the Second Set of Interrogatories served by Defendants James McManama and George Germano (hereinafter "Defendants") as follows:

### INTRODUCTORY STATEMENTS AND GENERAL OBJECTIONS

1.　　Dunkin' has not fully completed its investigation into the facts pertaining to this suit, has not completed its discovery, and has not completed its preparation for trial. Answers contained herein are based only on such information and materials as are presently available and known to Dunkin'. This anticipated further discovery, investigation, legal research and analysis

may supply additional facts and will establish information which may vary from that set forth herein. The answers set forth are given without prejudice to Dunkin's right to introduce evidence of any subsequently discovered fact(s) or circumstance(s). Dunkin' accordingly reserves its right to change or modify any response as additional facts or circumstances are ascertained, analyses are made and legal research is completed.

2.    Dunkin' Donuts objects to Defendants' Interrogatories to the extent that the Interrogatories seek to impose requirements or obligations on Dunkin' Donuts in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules. In responding to each Interrogatory, Dunkin' Donuts will respond by providing only such information as may be required and proper under the Federal Rules of Civil Procedure and the Local Rules.

3    Dunkin' Donuts objects to Defendants' Interrogatories to the extent that the Interrogatories seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended to, or in any way shall be deemed, a waiver of any such available privilege or doctrine. In responding to each Interrogatory, Dunkin' Donuts will not provide privileged or otherwise protected information.

4.    The foregoing objections and limitations shall be applicable to, and included in, Dunkin' Donuts' response to every definition and Interrogatory propounded by Defendants.

2

## INTERROGATORIES

Subject to, and without waiver of, the foregoing general statements and objections,

Dunkin' answers the specific interrogatories as follows:

1.    Identify each employee that plaintiffs contend was a foreigner working illegally in any of the franchises.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it calls for

information that is subject to the attorney-client privilege and the work product doctrine. Subject

to and without waiving its objections, Dunkin' states that the answer to this Interrogatory may be

derived or ascertained from Defendants' general ledgers and banking records, and the burden of

deriving or ascertaining the answer is substantially the same for the party serving the

interrogatory as for the party served. Fed. R. Civ. P. 33(d). Further answering, Dunkin' states

that its investigation of this issue is continuing and it will provide a supplemental answer if

necessary.

2.    Specify by citation each law or statute plaintiffs contend any defendant violated which in turn constituted a breach of Section 5.Q. or 5.1.7 of any franchise agreement, as alleged in Paragraph 50 of the Complaint, identify each defendant who plaintiffs contend violated each such law or statute, and describe the conduct plaintiffs contend constituted each such violation.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it calls for

information that is subject to the attorney-client privilege and the work product doctrine. Subject

to and without waiving its objections, Dunkin' states that the conduct described in Dunkin's

complaint and in the notice of termination violate a number of laws, including CONN. GEN. STAT.

§§ 53a-61, 53a-181, 53a-64, 53a-62, 53a-116 and 53a-48. Dunkin' Donuts also has reason to

believe based on Defendants' limited production of documents and the testimony of Richard

Czuprynski, that the following laws may have also been violated:  26 U.S.C. § 3401, *et seq.*; 26

3

U.S.C. § 7201; 26 U.S.C. § 7206; 18 U.S.C. § 1001 and the corresponding Connecticut statutes. Further answering, Dunkin' states that the answer to this Interrogatory may also be derived or ascertained from Defendants' general ledgers, tax returns, and banking records, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. Fed. R. Civ. P. 33(d). Dunkin' also states that its investigation of this issue is continuing and it will provide a supplemental answer if necessary.

3.      Identify each franchisee (other than the franchisees in this action) in the Dunkin' Donuts system that has provided "catering" as described in Paragraph 39 of the Complaint and, for each such franchisee, describe the catering services provided, the dates such services were provided, and the actions taken by plaintiffs or Allied Domecq with regard to such catering services.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Dunkin' also objects to this Interrogatory on the grounds that it calls for information that is subject to the attorney-client privilege and the work product doctrine. Dunkin' further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Identify each person who participated in the creation of Deposition Exhibit 26 (4DON 000441) or any of its variations, including Deposition Exhibits 1, 24 (DD 3536), and 25 (DD 3537-38), explain the reasons for the inconsistent contents of these documents, identify each person who participated in the decision to send any of these variations to defendants, and state why it was sent.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it is vague and overly broad. Subject to and without waiving these objections, Dunkin' states that Corrie Plasse helped create the November 16, 2001 Customer Care Center report. The Customer Care Center

4

report has several templates on its header that are updated each week, including the name of the franchisee, the BC, the FMM and the GM. The current franchisee, BC, FMM and GM are listed on the report each time it is printed. The content of the report does not change. Further answering, Dunkin' states all full detail reports, such as Exhibit 26, that were generated by the Customer Care Center in fiscal year 2002 were sent out to the corresponding franchisees in the Dunkin' Donuts system in September 2002.

5.    Provide the date when Sandra Lach Mesli began working for plaintiffs or Allied Domecq and the dates during which she served as Business Consultant for the franchises.

**ANSWER:**    Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Dunkin' states that Sandra Lach Mesli began working for Dunkin' Donuts on April 1, 2002 and served as Defendants' Business Consultant from June 2002 to January 2003.

6.    Provide the dates during which Frank Basler has served as Business Consultant for the franchises.

**ANSWER:**    Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, Dunkin' states that Frank Basler served as Defendants' Business Consultant from January 2003 to the present.

5

7.     Provide the dates during which Patty Healy served as "FMM" (her position as listed on Deposition Exhibit 25) for the franchises.

**ANSWER**:     Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objection, Dunkin' states that Patty Healy served as FMM for the Defendants from January 14, 2003 through July 31, 2003.

8.     Provide the dates during which Ruth Swanson served as "FMM" (her position as listed on Deposition Exhibits 1, 24 and 26) for the defendants.

**ANSWER**:     Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objection, Dunkin' states that Ruth Swanson served as FMM for the Defendants from 1997 through January 14, 2003.

9.     Identify the Business Consultant for the franchises on November 16, 2001.

**ANSWER**:     Dunkin' objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objection, Dunkin' states that Joe Chaves was the acting Business Consultant for the Defendants' franchises on November 16, 2001.

6

10.    Identify each person who developed the methodology on which the Retail sales Analysis marked as Deposition Exhibit 62 is based.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it calls for information that is subject to the attorney-client privilege and the work product doctrine.  Subject to and without waiving its objections, Dunkin' states that John Capicchioni developed the methodology of the Retail Sales Analysis.

Respectfully submitted,

Robert L. Zisk ct 13503
Jeffrey L. Karlin ct 14965
Peter V. Taylor ct 24447
Christopher M. Loveland ct 24169
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 333-8800

Paul D. Sanson ct 05477
Alexandra M. McHugh ct 22428
SHIPMAN & GOODWIN LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5612

Attorneys for Plaintiffs
Dunkin' Donuts Incorporated,
Dated: September 9, 2003          Dunkin' Donuts USA, Inc.

7

## DECLARATION

JACK LAUDERMILK declares under the penalty of perjury:

1.    I am employed by Dunkin' Donuts Incorporated as Assistant General Counsel and Assistant Secretary. I am authorized to answer the Defendants' interrogatories.

2.    I have read the foregoing Responses to Defendants' Interrogatories and know the contents thereof. The said answer was prepared with the assistance and advice of counsel upon whose advice I have relied. The answer set forth herein, subject to inadvertent or undiscovered errors, is based on and therefore necessarily limited by the records and information still in existence, and reasonably available to Dunkin' Donuts, presently recollected and thus far discovered in the course of the preparation of these answers. Consequently, Dunkin' Donuts reserves the right to make any changes in the answer if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to the limitations set forth herein the said answers are true to the best of my knowledge, information, or belief.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Jack Laudermilk

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiff Dunkin' Donuts Incorporated's Answers to Defendants' Second Set of Interrogatories  was served by facsimile and first class mail upon counsel for Defendants at the addresses listed below on this 9th day of September 2003.

Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Robert K. Walsh, Esq.
The Law Offices of Robert K. Walsh
193 State Street
P.O. Box 777
New Haven, CT 06473

Jeffrey L. Karlin



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DUNKIN' DONUTS INCORPORATED,         )
  a Delaware corporation, and          )
DUNKIN' DONUTS USA, INC.,            )
  a Michigan corporation,             )
                                )
                Plaintiffs,     )
                                )    C.A. No. 302 CV 1920 (JBA)
     v.                                )
                                )
4 DONUTS, INC.,                      )
  a Connecticut corporation,          )
GRANDO, INC.,                        )
  a Connecticut corporation,          )
GLENN STETZER,                       )
KATHLEEN STETZER,                    )
GEORGE GERMANO, and                  )
JAMES MCMANAMA                       )
                                )
          Defendants.         )    SEPTEMBER 9, 2003

### PLAINTIFF DUNKIN' DONUTS INCORPORATED'S RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Dunkin' Donuts Incorporated (hereinafter "Dunkin'" or "Dunkin' Donuts) responds to the Second Request for Production of Documents served by Defendants James McManama and George Germano (hereinafter "Defendants") as follows:

### INTRODUCTORY STATEMENTS AND GENERAL OBJECTIONS

1.      Dunkin' Donuts objects to Defendants' Document Requests to the extent that the Requests seek to impose requirements or obligations on Dunkin' in addition to or different from those imposed by the Federal Rules. In responding to each Request, Dunkin' will respond by providing only such documents as may be required and proper under the Federal Rules.

2.      Dunkin' objects to Defendants' Requests to the extent that the Requests seek

information or documents that are protected from discovery by the attorney-client privilege, the

work-product doctrine or any other applicable privilege. Nothing contained in these objections is

intended to, or in any way shall be deemed, a waiver of any such available privilege or doctrine.

In responding to each Request, Dunkin' will not provide privileged or otherwise protected

information.

3.    The foregoing objections and limitations shall be applicable to, and included in,

Dunkin's response to every Request propounded by Defendants.

### Requests for Production of Documents

Subject to, and without waiver of, the foregoing general statements and objections,

Dunkin' answers the specific requests for the production of documents as follows:

1.    Each document that refers to, relates to or reflects a communication between a
consumer, supplier, employee, or former employee and plaintiffs' or Allied Domecq's Consumer
Care Center concerning any of the defendants or their families.

RESPONSE:  Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence. Dunkin' also objects to this request insofar as it calls for information that is subject to

the attorney-client privilege and the work product doctrine. Subject to and without waiving these

objections, Dunkin' states that responsive documents have been produced.


2.    Each document that refers to, relates to or reflects the discontinuance of the
Branded Products Program.

RESPONSE:  Dunkin' objects to this Request on the grounds that it is vague, overly

broad and unduly burdensome. Dunkin' also objects to this Request on the grounds that it calls

for documents that are neither relevant, nor reasonably calculated to lead to the discovery of

2

admissible evidence. Dunkin' further objects to the Request insofar as it calls for confidential commercial information.

3.    The Allied Domecq Loss Prevention Underreporting Manual in effect in 2001 and 2002.

RESPONSE: Dunkin' objects to this Request on the grounds that it calls for documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Dunkin' objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, the work product doctrine and seeks confidential commercial information.

4.    Each document that refers to, relates to or reflects Joseph McGowan's annual performance review for the years 2001, 2002, and 2003.

RESPONSE: Dunkin' objects to this Request on the grounds that it calls for documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Dunkin' states that it will produce responsive documents only on the condition that Defendants executed the parties' confidentiality agreement.

5.    Each document that refers to, relates to or reflects the wholesale of coffee.

RESPONSE: Dunkin' objects to this Request on the grounds that it is vague, overly broad and unduly burdensome. Dunkin' also objects to this Request on the grounds that it calls for documents that are neither relevant, nor reasonably calculated to lead to the discovery of

3

admissible evidence. Subject to and without waiving these objections, Dunkin' states that there

is no written policy as to the wholesale sale of coffee.

6.      Each document, including but not limited to phone records and notes, that refers
to, relates to or reflects any conversation between Richard Czuprynski and any employee of or
attorney representing plaintiffs or Allied Domecq.

RESPONSE: Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege and the work product doctrine. Subject to and without

waiving these objections, Dunkin' states that responsive documents have been produced.

7.      All correspondence between Joe McGowan and the defendants.

RESPONSE: Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving these objections, Dunkin' states that responsive

documents have been produced.

8.      Each document that refers to, relates to or reflects a bill or invoice from Raymond
Hassett, Esq. or Hassett & George, P.C. in connection with representation of Richard
Czuprynski, payment of such a bill or invoice, or an agreement or commitment to pay for
Richard Czuprynski's legal representation.

RESPONSE: Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege and the work product doctrine. Subject to and without

waiving these objections, Dunkin' states that redacted copies of billing records have been

produced.

4

9.    Each document, including drafts, alternative versions, electronic versions, and worksheets, that refers to, relates to, or reflects the Retail Sales Analysis (Deposition Exhibit 62).

RESPONSE:  Dunkin' objects to this Request on the grounds that it is vague, overly broad and unduly burdensome.  Dunkin' also objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine.  Subject to and without waiving these objections, Dunkin' states that all documents relating to the Retail Sales Analysis conducted on Defendants' shops have been produced.

10.    Each document that refers to, relates to, or reflects the Calculation of Restitution (Deposition Exhibit 63).

RESPONSE: Dunkin' objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine.  Subject to and without waiving these objections, Dunkin' states that responsive documents have been produced.

11.    Each document, including a damages analysis, that refers to, relates to, or reflects any damages that plaintiffs are claiming in this action.

RESPONSE: Dunkin' objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine.  Subject to and without waiving these objections, Dunkin' states that responsive documents have

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiff Dunkin' Donuts Incorporated's Responses to Defendants' Second Request for Production of Documents was served by facsimile and first class mail upon counsel for Defendants at the addresses listed below on this 9th day of September 2003.

Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Robert K. Walsh, Esq.
The Law Offices of Robert K. Walsh
193 State Street
P.O. Box 777
New Haven, CT 06473

Jeffrey L. Karlin

Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUNKIN' DONUTS INCORPORATED,<br>  a Delaware corporation, and<br>DUNKIN' DONUTS USA, INC.,<br>  a Michigan corporation,<br><br>                              Plaintiffs,<br><br>              v.<br><br>4 DONUTS, INC.,<br>  a Connecticut corporation,<br>GRANDO, INC.,<br>  a Connecticut corporation,<br>GLENN STETZER,<br>KATHLEEN STETZER,<br>GEORGE GERMANO, and<br>JAMES MCMANAMA<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 302 CV 1920 (MRK)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>OCTOBER 6, 2003 |

## PLAINTIFF DUNKIN' DONUTS USA, INC.'S ANSWERS
## TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Dunkin' Donuts

USA, Inc. (hereinafter "Dunkin'" or "Dunkin' Donuts) responds to the Second Set of

Interrogatories served by Defendants James McManama and George Germano (hereinafter

"Defendants") as follows:

### INTRODUCTORY STATEMENTS AND GENERAL OBJECTIONS

1.    Dunkin' has not fully completed its investigation into the facts pertaining to this

suit, has not completed its discovery, and has not completed its preparation for trial.  Answers

contained herein are based only on such information and materials as are presently available and

known to Dunkin'.  This anticipated further discovery, investigation, legal research and analysis

may supply additional facts and will establish information which may vary from that set forth herein. The answers set forth are given without prejudice to Dunkin's right to introduce evidence of any subsequently discovered fact(s) or circumstance(s). Dunkin' accordingly reserves its right to change or modify any response as additional facts or circumstances are ascertained, analyses are made and legal research is completed.

2.    Dunkin' Donuts objects to Defendants' Interrogatories to the extent that the Interrogatories seek to impose requirements or obligations on Dunkin' Donuts in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules. In responding to each Interrogatory, Dunkin' Donuts will respond by providing only such information as may be required and proper under the Federal Rules of Civil Procedure and the Local Rules.

3    Dunkin' Donuts objects to Defendants' Interrogatories to the extent that the Interrogatories seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nothing contained in these responses is intended to, or in any way shall be deemed, a waiver of any such available privilege or doctrine. In responding to each Interrogatory, Dunkin' Donuts will not provide privileged or otherwise protected information.

4.    The foregoing objections and limitations shall be applicable to, and included in, Dunkin' Donuts' response to every definition and Interrogatory propounded by Defendants.

## INTERROGATORIES

Subject to, and without waiver of, the foregoing general statements and objections, Dunkin' answers the specific interrogatories as follows:

1.    Identify each employee that plaintiffs contend was a foreigner working illegally in any of the franchises.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it calls for

information that is subject to the attorney-client privilege and the work product doctrine. Subject

to and without waiving its objections, Dunkin' states that the answer to this Interrogatory may be

derived or ascertained from Defendants' general ledgers and banking records, and the burden of

deriving or ascertaining the answer is substantially the same for the party serving the

interrogatory as for the party served. Fed. R. Civ. P. 33(d). Further answering, Dunkin' states

that its investigation of this issue is continuing and it will provide a supplemental answer if

necessary.

2.    Specify by citation each law or statute plaintiffs contend any defendant violated which in turn constituted a breach of Section 5.Q. or 5.1.7 of any franchise agreement, as alleged in Paragraph 50 of the Complaint, identify each defendant who plaintiffs contend violated each such law or statute, and describe the conduct plaintiffs contend constituted each such violation.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it calls for

information that is subject to the attorney-client privilege and the work product doctrine. Subject

to and without waiving its objections, Dunkin' states that the conduct described in Dunkin's

complaint and in the notice of termination violate a number of laws, including CONN GEN. STAT.

§§ 53a-61, 53a-181, 53a-64, 53a-62, 53a-116 and 53a-48. Further answering, Dunkin' states that

the answer to this Interrogatory may also be derived or ascertained from the police reports that

have been made available for inspection and copying, as well as the deposition transcript of Mr.

Richard Czuprynski. Fed. R. Civ. P. 33(d). Dunkin' also states that its investigation of this issue

is continuing and it will provide a supplemental answer if necessary.

 

3. Identify each franchisee (other than the franchisees in this action) in the Dunkin'
Donuts system that has provided "catering" as described in Paragraph 39 of the Complaint and,
for each such franchisee, describe the catering services provided, the dates such services were
provided, and the actions taken by plaintiffs or Allied Domecq with regard to such catering
services.

 **ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it is vague,

overly broad and unduly burdensome. Dunkin' also objects to this Interrogatory on the grounds

that it calls for information that is subject to the attorney-client privilege and the work product

doctrine. Dunkin' further objects to this Interrogatory on the grounds that it seeks information

that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

 

4. Identify each person who participated in the creation of Deposition Exhibit 26
(4DON 000441) or any of its variations, including Deposition Exhibits 1, 24 (DD 3536), and 25
(DD 3537-38), explain the reasons for the inconsistent contents of these documents, identify
each person who participated in the decision to send any of these variations to defendants, and
state why it was sent.

 **ANSWER**: Dunkin' objects to this Interrogatory on the grounds that it is vague and

overly broad. Subject to and without waiving these objections, Dunkin' states that Corrie Plasse

helped create the November 16, 2001 Customer Care Center report. The Customer Care Center

report has several templates on its header that are updated each week, including the name of the

franchisee, the BC, the FMM and the GM. The current franchisee, BC, FMM and GM are listed

on the report each time it is printed. The content of the report does not change. Further

answering, Dunkin' states all full detail reports, such as Exhibit 26, that were generated by the

Customer Care Center in fiscal year 2002 were sent out to the corresponding franchisees in the

Dunkin' Donuts system in September 2002.

5.    Provide the date when Sandra Lach Mesli began working for plaintiffs or Allied
Domecq and the dates during which she served as Business Consultant for the franchises.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving its objection, Dunkin' states that Sandra

Lach Mesli began working for Dunkin' Donuts on April 1, 2002 and served as Defendants'

Business Consultant from June 2002 to January 2003.

6.    Provide the dates during which Frank Basler has served as Business Consultant
for the franchises.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving its objection, Dunkin' states that Frank

Basler served as Defendants' Business Consultant from January 2003 to the present.

7.    Provide the dates during which Patty Healy served as "FMM" (her position as
listed on Deposition Exhibit 25) for the franchises.

**ANSWER**:    Dunkin' objects to this Interrogatory on the grounds that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

5

admissible evidence.  Subject to and without waiving its objection, Dunkin' states that Patty

Healy served as FMM for the Defendants from January 14, 2003 through July 31, 2003.

 

       8.     Provide the dates during which Ruth Swanson served as "FMM" (her position as listed on Deposition Exhibits 1, 24 and 26) for the defendants.

    **ANSWER**:   Dunkin' objects to this Interrogatory on the grounds that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving its objection, Dunkin' states that Ruth

Swanson served as FMM for the Defendants from 1997 through January 14, 2003.

 

       9.     Identify the Business Consultant for the franchises on November 16, 2001.

    **ANSWER**:   Dunkin' objects to this Interrogatory on the grounds that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving its objection, Dunkin' states that Joe

Chaves was the acting Business Consultant for the Defendants' franchises on November 16,

2001.

 

      10.    Identify each person who developed the methodology on which the Retail sales Analysis marked as Deposition Exhibit 62 is based.

    **ANSWER**:   Dunkin' objects to this Interrogatory on the grounds that it calls for

information that is subject to the attorney-client privilege and the work product doctrine.  Subject

to and without waiving its objections, Dunkin' states that John Capicchioni developed the

methodology of the Retail Sales Analysis.

Respectfully submitted,

Robert L. Zisk ct 13503
Jeffrey L. Karlin ct 14965
Peter V. Taylor ct 24447
Christopher M. Loveland ct 24169
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 333-8800

Paul D. Sanson ct 05477
Alexandra M. McHugh ct 22428
SHIPMAN & GOODWIN LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5612

Attorneys for Plaintiffs
Dunkin' Donuts Incorporated,
Dunkin' Donuts USA, Inc.

Dated: October 6, 2003

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of Plaintiff Dunkin' Donuts USA,

Incorporated's Responses to Defendants' first set of requests for admission, responses to

Defendants' second request for production of documents and answers to Defendants'

second set of interrogatories were served by first class mail upon counsel for Defendants

at the addresses listed below on this 6th day of October 2003.


Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Robert K. Walsh, Esq.
The Law Offices of Robert K. Walsh
193 State Street
P.O. Box 777
New Haven, CT 06473


_____
Christopher M. Loveland

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED,<br>  a Delaware corporation, and<br>DUNKIN' DONUTS USA, INC.,<br>  a Michigan corporation,<br><br>                          Plaintiffs,<br><br>          v.<br><br>4 DONUTS, INC.,<br>  a Connecticut corporation,<br>GRANDO, INC.,<br>  a Connecticut corporation,<br>GLENN STETZER,<br>KATHLEEN STETZER,<br>GEORGE GERMANO, and<br>JAMES MCMANAMA<br><br>                        Defendants. | C.A. No. 302 CV 1920 (MRK)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>OCTOBER 6, 2003 |

## PLAINTIFF DUNKIN' DONUTS INCORPORATED'S RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Dunkin' Donuts USA, Inc. (hereinafter "Dunkin'" or "Dunkin' Donuts")

responds to the Second Request for Production of Documents served by Defendants James

McManama and George Germano (hereinafter "Defendants") as follows:

### INTRODUCTORY STATEMENTS AND GENERAL OBJECTIONS

1.     Dunkin' Donuts objects to Defendants' Document Requests to the extent that the

Requests seek to impose requirements or obligations on Dunkin' in addition to or different from

those imposed by the Federal Rules.  In responding to each Request, Dunkin' will respond by

providing only such documents as may be required and proper under the Federal Rules.

2.     Dunkin' objects to Defendants' Requests to the extent that the Requests seek

information or documents that are protected from discovery by the attorney-client privilege, the

work-product doctrine or any other applicable privilege.  Nothing contained in these objections is

intended to, or in any way shall be deemed, a waiver of any such available privilege or doctrine.

In responding to each Request, Dunkin' will not provide privileged or otherwise protected

information.

      3.      The foregoing objections and limitations shall be applicable to, and included in,

Dunkin's response to every Request propounded by Defendants.

<b><u>Requests for Production of Documents</u></b>

      Subject to, and without waiver of, the foregoing general statements and objections,

Dunkin' answers the specific requests for the production of documents as follows:

      1.      Each document that refers to, relates to or reflects a communication between a
consumer, supplier, employee, or former employee and plaintiffs' or Allied Domecq's Consumer
Care Center concerning any of the defendants or their families.

      <u>RESPONSE</u>:  Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence.  Dunkin' also objects to this request insofar as it calls for information that is subject to

the attorney-client privilege and the work product doctrine.  Subject to and without waiving these

objections, Dunkin' states that all responsive documents have been produced.

      2.      Each document that refers to, relates to or reflects the discontinuance of the
Branded Products Program.

      <u>RESPONSE</u>:  Dunkin' objects to this Request on the grounds that it is vague, overly

broad and unduly burdensome.  Dunkin' also objects to this Request on the grounds that it calls

for documents that are neither relevant, nor reasonably calculated to lead to the discovery of

2

admissible evidence.  Dunkin' further objects to the Request insofar as it calls for confidential commercial information.

 

        3.      The Allied Domecq Loss Prevention Underreporting Manual in effect in 2001 and 2002.

        <u>RESPONSE</u>:  Dunkin' objects to this Request on the grounds that it calls for documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Dunkin' objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, the work product doctrine and seeks confidential commercial information.

 

        4.      Each document that refers to, relates to or reflects Joseph McGowan's annual performance review for the years 2001, 2002, and 2003.

        <u>RESPONSE</u>:  Dunkin' objects to this Request on the grounds that it calls for documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Dunkin' states that it will produce responsive documents only on the condition that Defendants executed the parties' confidentiality agreement.

 

        5.      Each document that refers to, relates to or reflects the wholesale of coffee.

        <u>RESPONSE</u>:  Dunkin' objects to this Request on the grounds that it is vague, overly broad and unduly burdensome.  Dunkin' also objects to this Request on the grounds that it calls for documents that are neither relevant, nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving these objections, Dunkin' states that there

is no written policy as to the wholesale sale of coffee.

6.    Each document, including but not limited to phone records and notes, that refers to, relates to or reflects any conversation between Richard Czuprynski and any employee of or attorney representing plaintiffs or Allied Domecq.

RESPONSE:  Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege and the work product doctrine.  Subject to and without

waiving these objections, Dunkin' states that all responsive documents have been produced.

7.    All correspondence between Joe McGowan and the defendants.

RESPONSE:  Dunkin' objects to this Request on the grounds that it calls for documents

that are neither relevant, nor reasonably calculated to lead to the discovery of admissible

evidence.  Subject to and without waiving these objections, Dunkin' states that all responsive

documents have been produced.

8.    Each document that refers to, relates to or reflects a bill or invoice from Raymond Hassett, Esq. or Hassett & George, P.C. in connection with representation of Richard Czuprynski, payment of such a bill or invoice, or an agreement or commitment to pay for Richard Czuprynski's legal representation.

RESPONSE:  Dunkin' objects to this Request insofar as it calls for information that is

subject to the attorney-client privilege and the work product doctrine.  Subject to and without

waiving these objections, Dunkin' states that redacted copies of billing records have been

produced.

9. Each document, including drafts, alternative versions, electronic versions, and worksheets, that refers to, relates to, or reflects the Retail Sales Analysis (Deposition Exhibit 62).

RESPONSE:  Dunkin' objects to this Request on the grounds that it is vague, overly broad and unduly burdensome.  Dunkin' also objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine.  Subject to and without waiving these objections, Dunkin' states that all documents relating to the Retail Sales Analysis conducted on Defendants' shops have been produced.

10. Each document that refers to, relates to, or reflects the Calculation of Restitution (Deposition Exhibit 63).

RESPONSE: Dunkin' objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine. Subject to and without waiving these objections, Dunkin' states that all responsive documents have been produced.

11. Each document, including a damages analysis, that refers to, relates to, or reflects any damages that plaintiffs are claiming in this action.

RESPONSE:  Dunkin' objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine. Subject to and without waiving these objections, Dunkin' states that responsive documents have

been produced.  Further answering, Dunkin' states that any expert reports on damages will be disclosed in accordance with the court's rules and orders.

12.    Each document that refers to, relates to, or reflects any joint or common interest agreement between plaintiffs or their counsel and Richard Czuprynski or his counsel.

RESPONSE:  Dunkin' objects to this Request insofar as it calls for information that is subject to the attorney-client privilege, the trade secret privilege, and the work product doctrine. Subject to and without waiving these objections, Dunkin' states that no such documents exist.

Respectfully submitted,

By:  _____
Robert L. Zisk ct 13503
Jeffrey L. Karlin ct 14965
Peter V. Taylor ct24447
Christopher M. Loveland ct 24169
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, NW
Suite 1000
Washington, D.C.  20037
tel.  (202) 333-8800
fax  (202) 337-6065

Paul D. Sanson ct05477
Alexandra M. McHugh ct22428
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
tel. (860) 251-5000
fax (860) 251-5700

Attorneys for Plaintiffs Dunkin' Donuts
Incorporated and Dunkin' Donuts USA, Co.

Dated: October 6, 2003

Exhibit C

RECYCLED

# Updike, Kelly & Spellacy, P.C. _____ Counselors at Law

Hartford    •    New Haven    •    Stamford

One State Street, P.O. Box 231277
Hartford, Connecticut 06123-1277
Telephone (860) 548-2600
Facsimile (860) 548-2680

**ᵀᵀᵀ MERITAS**
LAW FIRMS WORLDWIDE

Amy Leete Van Dyke
(860) 548-2614
(860) 548-2680 Fax
avandyke@uks.com

October 28, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, D.C. 20037-1922

Re:    **Dunkin' Donuts Incorporated, et al. v. 4 Donuts, Inc. et al.**

Dear Chris:

I write in follow-up to our telephone conversation on October 27, 2003 wherein we discussed Dunkin' Donuts responses to James McManama and George Germano's Second Set of Interrogatories and Request for Production of Documents. Below are the interrogatories and document requests we discussed. As you represented, you will present this to Jeff to determine whether we can resolve any disputes before seeking assistance from the court.

**Interrogatories**

Interrogatory No. 1:

You represented that those names that have been raised by you at the various depositions are the individuals whom plaintiffs contend may have been foreigners working illegally in the franchises. You also stated that you are awaiting documents from Attorney Palmquist to confirm your belief. For purposes of clarity and providing a complete response to Interrogatory No. 1, please provide me with a comprehensive list of those names.

Interrogatory No. 3:

With respect to identifying each franchisee (and other related information) in the Dunkin' Donuts' system that has provided "catering," you stated that you would not produce this information. As we discussed, this information is relevant to this matter, as plaintiffs have claimed that by providing catering services, defendants have breached their franchise agreements.

342130

Christopher M. Loveland, Esq.
October 28, 2003
Page 2

As Richard Order, Esq. stated in his September 19, 2003 letter to Jeff, this interrogatory seeks to find out whether Dunkin' Donuts is aware of other franchisees who have provided similar services and whether Dunkin' Donuts deemed such services in those cases to constitute a breach of the franchise agreement.

**Document Request**

Request No. 3:

You stated that plaintiffs will not produce the Allied Domecq Loss Prevention Underreporting Manual ("Manual") in effect in 2001 on the grounds that it is trade secret. You contend that if defendants wanted to know how the investigations were performed and assess whether the investigation was appropriate that we could have deposed plaintiffs' outside investigators. I asked you whether the investigators received a copy of the Manual and you stated that you did not know. Assuming arguendo that the investigators receive a copy of the Manual, how would we be able to question them on the policies and procedures of plaintiffs' investigations contained in the Manual, if, as you contend, the Manual is truly trade secret.

This letter is written in accordance with Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37(a)(2) in an attempt to resolve in good faith our disputes concerning the responses to the discovery requests. Please respond to me by October 29, 2003 so that we can resolve these issues.

Very truly yours,

Amy Leete Van Dyke

ALV/ks
cc:    Paul N. Gilmore, Esq.
       Richard S. Order, Esq.

Exhibit D

RECYCLED

## SCHMELTZER, APTAKER & SHEPARD, P.C.

COUNSELORS AT LAW
THE WATERGATE
2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000
WASHINGTON, D.C. 20037-1922
WEB SITE http://www.sasapc.com
E-MAIL sas@saslaw.com
FAX (202) 337-5065
(202) 333-8800

October 30, 2003

**VIA FACSIMILE (860-548-2680) AND**
**FIRST CLASS MAIL**

Amy Leete Van Dyke, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street, PO Box 231277
Hartford, CT 06123-1277

      Re:    *Dunkin' Donuts Incorporated, et al. v. 4 Donuts, Inc. et al.*
              C.A. No. 302 CV 1920 (JBA)

Dear Amy:

      I am in receipt of your letter of October 28, 2003, regarding Dunkin's answers to Defendants' second set of interrogatories and second request for production of documents.

Interrogatory No. 1

      Interrogatory No. 1 of James McManama's second set of interrogatories sought the identity of "each employee that plaintiffs contend was a foreigner working illegally in any of the franchises." To date, Dunkin' has not contended that any foreigner has worked illegally at Defendants' shops. Instead, Dunkin' alleged that employees were being paid off-the-books. During our conversation yesterday we discussed the possibility that employment verification forms were not prepared for all of the employees working at Defendants' shops. It would be premature and speculative of Dunkin' Donuts to identify any names in response to interrogatory No. 1 until Defendants produce the documents that would permit Dunkin' to verify whether employment verification forms were in fact prepared for all employees. As indicated in its interrogatory answer, Dunkin' Donuts will supplement its answer if necessary after Defendants have produced the requested information.

Interrogatory No. 3

      Interrogatory No. 3 of James McManama's second set of interrogatories sought the identity of "each franchisee (other than the franchisees in this action) in the Dunkin' Donuts system that has provided 'catering' as described in Paragraph 39 of the Complaint." As we

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Amy Leete Van Dyke, Esq.
Page 2 of 2
October 29, 2003

discussed, it is well settled that how a franchisor such as Dunkin' Donuts treats its other franchisees in a case such as this is not relevant. All that is relevant is whether Defendants complied with the terms of their Agreements with Dunkin' Donuts.

Document Request No. 3

Document request No. 3 sought "[t]he Allied Domecq Loss Prevention Underreporting Manual." As discussed, Dunkin's loss prevention manual is a confidential trade secret and constitutes confidential commercial information. Additionally, the loss prevention manual is not relevant to this case. Regardless of whether procedures from the loss prevention manual were used on Defendants' shops, all that is relevant is whether or not the investigation uncovered evidence of underreporting.

If you would like to discuss any of these issues further, please do not hesitate to give me a call.

Thank you.

Sincerely,

Christopher M. Loveland

cc: Richard Order (via facsimile)
Robert Walsh (via first class mail)

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing has been sent U.S. mail,

postage prepaid, this 5th day of December 2003, to the following counsel of record:

Robert L. Zisk, Esq.
Jeffrey L. Karlin, Esq.
Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, D.C. 20037-1922

Paul D. Sanson, Esq.
Alexandra M. McHugh, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819

Robert K. Walsh, Esq.
Law Offices of Robert K. Walsh LLC
193 State Street, P.O. Box 777
North Haven, CT 06473-0777

Richard S. Order, Esq.
Eric Palmquist, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

By: _____
    Amy Leete Van Dyke, Esq.
    Updike, Kelly & Spellacy, P.C.