UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DUNKIN' DONUTS INCORPORATED,<br>  a Delaware corporation, and<br>DUNKIN' DONUTS USA, INC.,<br>  a Michigan corporation,<br><br>           Plaintiffs,<br><br>     v.<br><br>4 DONUTS, INC.,<br>  a Connecticut corporation,<br>GRANDO, INC.,<br>  a Connecticut corporation,<br>GLENN STETZER,<br>KATHLEEN STETZER,<br>GEORGE GERMANO, and<br>JAMES MCMANAMA,<br><br>           Defendants. | CIVIL ACTION NO.<br>3:02 CV 1920 (MRK)<br><br><br><br><br><br><br><br><br><br>DECEMBER 15, 2003 |

**MEMORANDUM IN SUPPORT OF THE UNOPPOSED JOINT MOTION
FOR A STAY OF THE PRE-TRIAL SCHEDULE**

Plaintiffs Dunkin' Donuts Incorporated and Dunkin' Donuts USA, Inc. and Defendants 4 Donuts, Inc., Grando, Inc. and Glenn Stetzer (hereinafter referred to collectively as the "Parties") respectfully request a stay of the pre-trial schedule to permit the Parties to pursue settlement discussions. The Parties have conferred with counsel for Defendants George Germano and Kathleen Stetzer, and they do not oppose this Motion. In addition, former counsel for Defendants James McManama—who now represents himself in this matter—informed the Parties that Mr. McManama does not oppose this Motion.

The Parties wish to stay discovery to devote their time to pursuing settlement without the distraction of pending deadlines and without incurring further expenses litigating this action.

Given the significant discovery issues still remaining to be decided—the resolution of which may lead to additional discovery—and the fact that the expensive and time-consuming expert discovery process looms ahead, it is an appropriate time to see if the Parties can resolve their differences without incurring further discovery-related costs. Therefore, the Parties respectfully request a stay in the pre-trial schedule for a limited period of time—until January 16, 2004—in order to engage in settlement discussions, which may also culminate in a settlement conference with the Court.

The Parties are attempting to schedule a meeting with principals and counsel during December. The Parties expect that any settlement they agree upon will be designed to fully dispose of all claims against all defendants and all counterclaims in this action.

The Parties also respectfully request that a settlement conference, to be scheduled shortly in anticipation that it may be needed to facilitate and finalize the private discussions between the Parties, be held before Magistrate Judge William I. Garfinkel. As explained during the Parties' telephonic hearing with the Court on November 13, 2003, a number of significant issues may be decided by Magistrate Judge Margolis in this case in the future and the Parties would be more comfortable discussing certain aspects of the case with a magistrate judge who has thus far not been involved in this action and who will not be called on to decide issues in the future.

The power to stay an action is "'incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Home Ins. Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1083 (N.D. Ga. 1983) (quoting *Landis v. North American Co.*, 299 U.S. 248 (1936)). A stay is particularly compelling here. The Parties are attempting to resolve their differences without burdening the Court or

2

themselves with unnecessary litigation costs.  A stay will permit the parties to fully explore settlement without prejudicing their respective positions in this action.

Finally, if settlement is not reached during the stay period, the Parties respectfully request that a status conference be held as soon as possible after the expiration of the stay to assess any remaining deadlines with respect to both fact and expert discovery.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court grant a stay of this actionto permit the Parties to pursue settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| Robert L. Zisk ct 13503 | Richard S. Order ct 02761 |
| Jeffrey L. Karlin ct 14965 | Eric L. Palmquist ct 24166 |
| Christopher M. Loveland ct 24169 | AXINN, VELTROP & HARKRIDER LLP |
| SCHMELTZER, APTAKER | 90 State House Square |
|   & SHEPARD, P.C. | Hartford, CT 06103-3702 |
| 2600 Virginia Avenue, N.W. | |
| Suite 1000 | Attorneys for Defendants 4 Donuts, Inc., |
| Washington, D.C. 20037 | Grando, Inc. and Glenn Stetzer |
| (202) 333-8800 | |

Paul D. Sanson ct 05477
Alexandra M. McHugh ct 22428
SHIPMAN & GOODWIN LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5612

Attorneys for Plaintiffs
Dunkin' Donuts Incorporated,
Dunkin' Donuts USA, Inc.

3

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing Memorandum in Support of the Unopposed Joint Motion For a Stay of the Pre-Trial Schedule was served by first class mail on December 15, 2003 upon the following at the addresses listed below:

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Robert K. Walsh, Esq.
The Law Offices of Robert K. Walsh
193 State Street
P.O. Box 777
New Haven, CT 06473

James McManama, *Pro Se*
One Wheatfield Drive
Wallingford, CT 06492

                                                  /s/_____
                                                  Richard S. Order, Esq.