UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED and ) <br> DUNKIN' DONUTS USA, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> 4 DONUTS, INC., ) <br> GRANDO, INC., ) <br> GLENN STETZER, ) <br> KATHLEEN STETZER, ) <br> GEORGE GERMANO, and ) <br> JAMES MCMANAMA, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 3:02 CV 1920 (JBA) <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> FEBRUARY 11, 2003 |

### DEFENDANT JAMES MCMANAMA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant James McManama ("Mr. McManama" or "defendant") hereby responds to plaintiff Dunkin Donuts Incorporated's ("plaintiff") First Set of Interrogatories dated December 20, 2002.

Mr. McManama objects to each and every interrogatory and request to the extent that plaintiff seeks the disclosure or production of information or documents protected by the attorney-client privilege or attorney-work product doctrine or any other applicable privilege or doctrine.

Mr. McManama objects to each and every interrogatory to the extent it seeks to impose on Mr. McManama duties or obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.

308702

Mr. McManama objects to each and every interrogatory to the extent that plaintiff requests information in the possession, custody or control of parties other than Mr. McManama. Mr. McManama responds to the First Set of Interrogatories on behalf of himself only.

In providing specific responses, Mr. McManama expressly reserves and does not waive: (1) any objections as to competency, relevance, materiality and admissibility of documents, things and/or subject matter; (2) any objections as to scope, vagueness and/or ambiguity; and (3) any rights to object on any grounds to the use of said documents, things and/or information contained therein in any subsequent proceedings including the trial of this or any other actions.

Mr. McManama reserves the right to maintain that any production or disclosure of any privileged material or information was inadvertent and does not constitute a waiver of any privilege.

Mr. McManama objects to each and every interrogatory as it is clear that plaintiff has made no attempt to tailor the interrogatories to this particular litigation and the interrogatories improperly seek to harass Mr. McManama.

Mr. McManama also objects to each and every interrogatory as he was never a Dunkin' Donuts franchise owner.

Mr. McManama hereby specifically incorporates each of the foregoing general objections into each and every response to the interrogatories, whether or not specifically incorporated in any response.

## DEFINITIONS AND INSTRUCTIONS

1.  The word "identify" when used with respect to a natural person means his or her full name; present or last known home and business address (including street name and number, city or town, state, and ZIP code) and telephone numbers; and present or last known position, job title, and

employer. When used with respect to a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person, "identify" means the full name and type of organization or entity; the present address of the company, corporation, association, partnership, joint venture, or entity headquarters; the present location of its principal place of business (including street name and number, city or town, state, and ZIP code); state, place, and date of incorporation or organization; and the name of the business in which said corporation is engaged. When used with respect to a document, "identify" means to state the name or title of the document, the type of document, its date, the person who authorized it, the person who signed or made it, the person to whom it was addressed, the person to whom it was sent, its present location, the form in which it is retained, any code key (including computer key and program) necessary to retrieve or decipher it, its present custodian, and to which subpart of the interrogatory, if any, the document relates. When used with respect to any non-written communication, "identify" shall be understood to require the identity of the natural persons making and receiving the communication; their respective principals or employers at the time of the communication; the date, manner, and place of the communication; and the identity of each individual who was present or otherwise witnessed the making of such statement or other communication. When used with respect to an act or other form of conduct, "identify" shall be understood to require the date on which and the place at which such act or conduct occurred; the name, address, and capacity of the individual who committed such act, and the identity of each individual present or who witnessed such act or other conduct being done or performed.

**OBJECTION:** Mr. McManama objects to this Instruction on the grounds that it is overly broad and unduly burdensome and to the extent the definition seeks to compel discovery not

reasonably calculated to lead to the discovery of admissible evidence. Mr. McManama further objects to the extent the Instruction includes oral communications or oral statements by or with lawyers on the grounds of the attorney-client privilege or the attorney-work product doctrine.

2. As used herein, the word "describe" means to set forth each fact, consideration, circumstance, act, omission, event, transaction, occurrence, or statement that supports, refutes, concerns, relates to, or refers to the allegation referenced or described in the interrogatory, and in addition, means to identify each oral communication and each document that concerns, refers to, or relates to such fact, consideration, circumstance, act, omission, event, transaction, occurrence, or statement.

3. The term "Defendant" or "you" or "your" means James McManama the person to whom these interrogatories are directed, and any of Defendant's agents, employees or representatives acting on Defendant's behalf.

**OBJECTION:** Mr. McManama objects to the definition of "Defendant" to the extent it seeks to compel the discovery of information or documents not reasonably calculated to lead to the discovery of admissible evidence. Mr. McManama further objects to the extent the definition includes lawyers on the grounds of the attorney-client privilege or the attorney-work product doctrine.

4. The term "franchises" means the Dunkin' Donuts Shops located at 475 Forbes Avenue, New Haven, Connecticut; 291 Ferry Street, New Haven, Connecticut; 1950 State Street, Hamden Connecticut; 87 Frontage Road, East Haven, Connecticut; 66 York Street, New Haven, Connecticut; and 200 Sargent Drive, New Haven.

5.   The term "interest" means any right, claim, title, legal share, or financial stake in something, either solely, jointly, derivatively, in a representative or custodial capacity, or as a trustee or beneficiary.

6.   The term "person" or "persons" includes without limitation, any individual, association, partnership, corporation, firm, or organization.

**OBJECTION:**   Mr. McManama objects to this Definition on the grounds that it is vague, indefinite and overly broad. Mr. McManama further objects to the definition of "person" or "persons" to the extent it seeks to compel the discovery of information or documents not reasonably calculated to lead to the discovery of admissible evidence. Mr. McManama further objects to the extent the definition includes lawyers on the grounds of the attorney-client privilege or the attorney-work product doctrine.

7.   The terms "relate to," "relating to," or "concerning" encompass anything referring to, concerning, consisting of, or otherwise connected with the matter in question.

8.   Should Defendant claim a privilege as to the identification of any documents or other materials, the privileged documents or materials shall be described as to date, author, subject matter, and the identity of each party receiving a copy, in a manner sufficient for subsequent application to the court. In addition, Defendant shall indicate the grounds upon which any claim of privilege rests.

## INTERROGATORIES

1.   Identify with particularity, by providing the name and address of the institution and the account number, all accounts, assets, or investments in which you, your spouse, or any dependent of

308702                                        5

yours, have had an "interest" (as defined), or have had power of signature, for the period 1991 to the present, including but not limited to the following:

    a.    Savings accounts;
    b.    Checking accounts;
    c.    Certificates of deposit;
    d.    Bonds;
    e.    Mutual funds;
    f.    Treasury notes;
    g.    Treasury bills;
    h.    Stocks;
    i.    Brokerage accounts;
    j.    Money market funds;
    k.    Individual Retirement Accounts;
    l.    KEOGH plans;
    m    Safe deposit boxes; and
    n.    Credit card accounts.

**Answer:** Mr. McManama objects to this interrogatory to the extent it is vague, overly broad and unduly burdensome (particularly because it asks for twelve years of information). Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

    2.    Identify any other place where any cash assets in which you, your spouse, or any child or dependent of yours, have or had an "interest," have been or are located, the amount of such cash assets or revenue located there, and the respective time periods during which they have been located there for the time period 1991 to the present.

**Answer:** Mr. McManama objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome (particularly because it asks for twelve years of information), and confusing as to the

308702

6

term "any other place." Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.  Identify all partnerships, sole proprietorships, corporations, joint ventures, and any other entity in which you, your spouse, or any child or dependent of yours, have been a principal or have had "an interest," at any time, directly or indirectly, since 1991, including the date on which the interest began and, if appropriate, ended.

**Answer**: Mr. McManama objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome (particularly because it asks for twelve years of information), and confusing as to the term "any other entity." Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, an interest was transferred to Mr. McManama in 4 Donuts, Inc. on August 31, 1994, but said interest was transferred back to Glenn Stetzer on September 1, 1994. In addition, Mr. McManama has had an interest in Cody Mac Motor Sports, LLC from 2000 through present; 2 Donuts, Inc. from 1996 through present; and 3 Kings, LLC from 1999 through present.

4.  Identify with particularity all loans of $500 or more, including but not limited to mortgages, notes, shareholder loans, and deeds of trust, to which you, your spouse, or any child or dependent of yours, have been a party, either as a borrower, lender, guarantor, or otherwise, at any time since 1991, and describe the terms of repayment.

308702                                    7

**Answer**: Mr. McManama objects to this interrogatory to the extent it is vague, overly broad and unduly burdensome (particularly because it asks for twelve years of information). Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

5. Identify by amount, date of receipt, and donor, testator, or other person, any inheritances or any gift of over $500.00 received or given by you, your spouse, or any child or dependent of yours, from 1991 to the present.

**Answer**: Mr. McManama objects to this interrogatory to the extent it is vague, overly broad and unduly burdensome (particularly because it asks for twelve years of information). Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

6. Identify with particularity all real estate, whether commercial or residential, or by lease or purchase, in which you, your spouse, or any child or dependent of yours, have had "an interest," directly or indirectly, since 1991, and describe the nature of that interest, when it was acquired, disposed of, the purchase price, the selling price, or the rent, as applicable.

**Answer**: Mr. McManama objects to this interrogatory to the extent it is vague, overly broad and unduly burdensome (particularly because it asks for twelve years of information). Plaintiff's interrogatory is nothing more than a fishing expedition. Mr. McManama further objects to this

interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

7. Identify any accountant or bookkeeper that has rendered services related to you, your franchises, your spouse, or any child or dependent of yours, since 1991.

**Answer:** Mr. McManama objects to this interrogatory to the extent it is vague, overly broad and unduly burdensome (particularly because it asks for twelve years of information). Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Anthony Citerella is an accountant for 4 Donuts, Inc., Grando, Inc. and Mr. McManama.

8. Identify all expert witnesses you expect to call at trial, and for each expert identified, (a) state the subject matter on which the expert is expected to testify, and (b) state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**Answer:** Mr. McManama objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney-work product doctrine. Mr. McManama further objects on the grounds that this interrogatory is premature because the discovery schedule that was agreed upon by the parties in their Rule 26(f) report, in accordance with Rule 26 of the Federal Rules of Civil Procedure, allows Mr. McManama until October 1, 2003 to disclose his expert witnesses.

308702                                             9

9.  For each wholesale or branded products account or customer of you or your Dunkin' Donuts franchises since 1991, provide the name, address, contact person, the date you began service, the date you stopped service (if applicable), the dollar volume of business done each week, and identify all persons with knowledge of each account or customer and all documents relating to each account or customer.

**Answer:** Mr. McManama objects to this interrogatory to the extent it is vague, overly broad and unduly burdensome (particularly because it asks for twelve years of information). Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Mr. McManama also objects to this interrogatory on the grounds that it is more convenient and less burdensome for plaintiff to obtain the information from its own records than for Mr. McManama to produce this information. Mr. McManama also objects to this interrogatory as he was never a Dunkin' Donuts franchise owner.

Subject to the foregoing objections, the franchises have provided each wholesale or branded sale to Dunkin' Donuts every week on the fee cards, and every six months the franchises have reported updated wholesale or branded sales account information to Dunkin' Donuts.

10. Identify all vehicles, including automobiles, watercrafts, airplanes, and motorcycles, in which you, your spouse, or any child or dependent of yours, have or have had an "interest" since 1991, and describe the nature of that interest, when and from whom it was acquired, when and how it was disposed of, the purchase price, the selling price, or the amount of any lease payments, as applicable.

308702                                10

**Answer:** Mr. McManama objects to this interrogatory to the extent it is vague, overly broad and unduly burdensome (particularly because it asks for twelve years of information). Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

11. Identify all firearms that you, your spouse, or any child or dependant of yours, have or have had since 1991. In your answer, include the model of the firearm, the date the firearm was purchased, and the location the firearm was purchased.

**Answer:** Mr. McManama objects to this interrogatory to the extent it is irrelevant, vague and overly broad. Through this request, plaintiff is improperly seeking to harass Mr. McManama. Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

12. Identify all lawsuits to which you have been a party. In your answer, please include the case number, the name of the court where the lawsuit was filed, the date the lawsuit was filed and the status of the lawsuit.

**Answer:** Mr. McManama objects to this interrogatory to the extent it is vague, overly broad and unduly burdensome. Mr. McManama further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

308702                                          11

DEFENDANT,
JAMES MCMANAMA

By: _____
Richard S. Order, Esq.
Federal Bar Number CT02761
Brad N. Mondschein, Esq.
Federal Bar Number CT13800
Amy Leete Van Dyke, Esq.
Federal Bar Number CT23181
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123-1277
Tel. (860) 548-2600

## **CERTIFICATION**

**THIS IS TO CERTIFY** that a copy of the foregoing has been sent U.S. mail, postage prepaid, this 11th day of February 2003, to the following counsel of record:

Robert L. Zisk, Esq.
Jeffrey L. Karlin, Esq.
Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, D.C. 20037-1922

Paul D. Sanson, Esq.
Alexandra M. McHugh, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819

Robert K. Walsh, Esq.
Law Offices of Robert K. Walsh LLC
193 State Street, P.O. Box 777
North Haven, CT 06473-0777

By _____
Amy Leete Van Dyke, Esq.
Updike, Kelly & Spellacy, P.C.

## VERIFICATION

I hereby certify that I have reviewed the above-interrogatories and answers thereto and that they are true and accurate to the best of my knowledge and belief.

*James McManama*
JAMES MCMANAMA

Subscribed and sworn to before me this 10th day of February, 2003.

*Kathleen Prure*
Commissioner of the Superior Court:
Notary Public
My Commission Expires: 3/31/07

20