UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED, a Delaware corporation, and DUNKIN' DONUTS USA, INC., a Michigan corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>4 DONUTS, INC., a Connecticut corporation, GRANDO, INC., a Connecticut corporation, GLENN STETZER, KATHLEEN STETZER, GEORGE GERMANO, and JAMES MCMANAMA,<br><br>      Defendants. | CIVIL ACTION NO.<br>3:02 CV 1920 (MRK)<br><br><br><br><br><br><br><br><br><br><br><br>JANUARY 8, 2004 |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
TO STAY ACTION PENDING ONGOING SETTLEMENT DISCUSSIONS**

Plaintiffs Dunkin' Donuts Incorporated and Dunkin' Donuts USA, Inc. and Defendants 4 Donuts, Inc., Grando, Inc. and Glenn Stetzer (hereinafter referred to collectively as the "Parties") respectfully request a stay of the above-referenced civil action until April 2, 2004, to permit the Parties to complete settlement discussions. The Parties have conferred with counsel for Defendants George Germano and Kathleen Stetzer, and they do not oppose this Motion. In addition, the Parties have conferred with Defendant James McManama, who is representing himself *pro se* in this matter, and he also does not oppose this Motion.

On December 19, 2003, the Court granted the Parties' joint motion for a stay of the pre-trial schedule until January 16, 2004 to allow the parties to engage in settlement discussions.

Subsequent to the granting of the joint motion, the Parties and their counsel met on December 23, 2003 to discuss settlement. Significant progress towards settlement was made during the meeting, although some important issues remain to be resolved.

In order to reach a complete settlement of this matter, the Parties require a more extensive stay than was previously granted. For example, the resolution of this case may involve the sale of Defendants' franchises, which involves an approval process on Dunkin's part that cannot be completed by the end of the current January 16, 2004 stay period. A stay of the action until April 2, 2004 is necessary to allow the Parties the best chance both to reach agreement on all outstanding issues and to complete any attendant transactions. Because the negotiations are at a sensitive juncture and the Parties intend for any settlement terms to be confidential and non-public, the Parties do not wish to reveal any other details of their settlement talks—even though a complete discussion of these talks would provide further support for the stay the Parties propose. Counsel for the parties are, of course, available to discuss these issues with the Court at any mutually convenient time if such additional information is deemed necessary. Suffice it to say that the Parties are cooperating with each other in good faith and would not be requesting a stay of this length if they did not sincerely feel it would help facilitate a resolution of this matter and free themselves of the expense and burden of further litigation.

In addition, although the previous stay was directed only at discovery, the Parties request that this stay apply to any and all matters relating to this action. For example, the stay would apply to Defendants' response to the recently-filed First Amended Complaint. It would also apply to any pending or contemplated objections to the Court's prior rulings on pretrial matters and any pending or contemplated opposition to recently-filed objections. These examples are not meant to be an exclusive list but are merely illustrative of the all-inclusive extent to which the

stay should apply. As with the prior stay, if the current discussions do not result in a settlement of the case, then the Parties respectfully request a conference with the Court shortly after the end of the stay to re-establish any remaining deadlines.

The power to stay an action is "'incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Home Ins. Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1083 (N.D. Ga. 1983) (quoting *Landis v. North American Co.*, 299 U.S. 248 (1936)). Such a stay is particularly compelling here. The Parties are attempting to resolve their differences without further burdening the Court or themselves with the costs of further litigation and they simply need an additional amount of time to accomplish this task.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant a complete stay of this action through and including April 2, 2004 to permit the Parties to pursue settlement.

Respectfully submitted,

/s/
Robert L. Zisk ct 13503
Jeffrey L. Karlin ct 14965
Christopher M. Loveland ct 24169
SCHMELTZER, APTAKER
 & SHEPARD, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 333-8800

Paul D. Sanson ct 05477
Alexandra M. McHugh ct 22428
SHIPMAN & GOODWIN LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5612

Attorneys for Plaintiffs
Dunkin' Donuts Incorporated,
Dunkin' Donuts USA, Inc.

/s/
Richard S. Order ct 02761
Eric L. Palmquist ct 24166
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103-3702

Attorneys for Defendants 4 Donuts, Inc., Grando, Inc. and Glenn Stetzer

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing has been sent via first-class U.S. mail, postage prepaid, this 8th day of January, 2004 to:

Richard L. Zisk, Esq.
Jeffrey L. Karlin, Esq.
Christopher M. Loveland, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, Northwest
Suite 1000
Washington, DC  20037-1922

Paul D. Sanson, Esq.
Alexandra M. McHugh, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT  06103-2819

Robert K. Walsh, Esq.
Law Offices of Robert K. Walsh LLC
193 State Street
P.O. Box 777
North Haven, CT  06473-0777

Paul N. Gilmore, Esq.
Brad N. Mondschein, Esq.
Amy Leete Van Dyke, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT  06123-1277

James McManama
1 Wheatfield Dr.
Wallingford, CT 06492

/s/ _____
Eric L. Palmquist, Esq.
Axinn, Veltrop & Harkrider LLP